HOLBROOK v KOEHRING COMPANY

1. Products Liability—Evidence—Prior Occurrences—Subsequent Occurrences.

A court properly excluded evidence in a products liability case concerning failures of the mechanical locks on a crane that caused the plaintiff's injuries: (1) where a prior failure occurred during cold weather, a condition not present when the accident causing the plaintiff's injuries occurred, and (2) where a subsequent failure occurred two years after the plaintiff's accident and was therefore too remote to be relevant.

2. Products Liability—Evidence—Repairs After Injury.

A court properly excluded evidence in a products liability case concerning remedial repairs that were made to a crane after an accident in which the plaintiff was injured by the crane.

3. Products Liability—Evidence—Complaints to Manufacturer—Proper Foundation—Similarity of Conditions—Proximity of Time.

A court properly excluded evidence in a products liability case concerning complaints received by a defendant, the manufacturer of an allegedly defective crane, involving similar equipment where a proper foundation as to similarity of conditions and proximity of time was not laid.

4. Products Liability—Instructions to Jury—Improper Use of Product.

A court properly refused to give a jury instruction requested by the plaintiff in a products liability case to the effect that the jury may reach a verdict for the plaintiff even if they find that the plaintiff misused the crane which caused the injury if they also find that such misuse was reasonably foreseeable by the defendant crane manufacturer, where the plaintiff was seeking damages for injuries received while attempting to lift an object 19,000 pounds heavier than the crane's maximum capacity.

References for Points in Headnotes

[1–3] 29 Am Jur 2d, Evidence §§ 251, 253.
[4] 75 Am Jur 2d, Trial §§ 588, 589.
[5] 75 Am Jur 2d, Trial §§ 906–918.

5. APPEAL AND ERROR—INSTRUCTIONS TO JURY—STANDARD JURY IN-
     STRUCTIONS—LACK OF OBJECTION—PRESERVING ISSUES.

    An issue that a jury instruction, as given, deviated in its wording
    from the standard jury instruction requested by the plaintiff
    was not preserved for review where there was no objection to
    the instruction as given.

Appeal from Kent, R. Stuart Hoffius, J. Submit-
ted April 5, 1977, at Grand Rapids. (Docket No.
26062.) Decided May 16, 1977.

Complaint by Clifford Holbrook and Virginia
Holbrook against Koehring Company and Vos
Equipment Company for damages for injuries sus-
tained by Clifford Holbrook while operating a
crane manufactured by Koehring and sold by Vos.
Judgment for defendants. Plaintiffs appeal. Af-
firmed.

*Miller, Johnson, Snell & Cummiskey* (by *Henry
L. Guikema* and *Michael A. Snapper*), for plain-
tiffs.

*Hillman, Baxter & Hammond* (by *William S.
Farr* and *Michael D. Wade*), for defendant Koehr-
ing Company.

*Cholette, Perkins & Buchanan* (by *Edward D.
Wells*), for defendant Vos Equipment Company.

Before: D. E. HOLBROOK, JR., P. J., and QUINN
and ALLEN, JJ.

QUINN, J. The jury trial in this products liability
case ended with a jury verdict of no cause of
action. Plaintiffs appeal and we affirm.

Plaintiff Clifford Holbrook was operating a crane
manufactured by Koehring Company and sold by
Vos Equipment Company, the maximum lifting
capacity of which was 140,000 lbs. The accident

giving rise to this action occurred when plaintiff was lifting an injection molding machine that weighed 159,000 lbs.

Plaintiffs claim error because the trial court excluded some evidence concerning failure of the mechanical locks prior to the accident. This failure occurred during cold weather, a condition not present when the accident giving rise to this action occurred. There was no error, *Freed v Simon,* 370 Mich 473; 122 NW2d 813 (1963).

The second error asserted is the exclusion of evidence concerning the failure of the mechanical locks after the accident. This evidence concerned an event which occurred two years after the accident involved in this case. This is too remote to be relevant. We find no error, *Freed, supra.*

Subsequent to the accident in question, some remedial repairs were taken to correct problems with the mechanical locks. At trial, plaintiffs offered to introduce evidence to establish this fact. The third error claimed on appeal is the exclusion of this evidence. We find no error, *Denolf v Frank L Jursik Co,* 395 Mich 661; 238 NW2d 1 (1976).

With respect to plaintiffs' claim of error on the exclusion of evidence concerning complaints received by the manufacturer involving similar equipment, we find that the exclusion was proper. A proper foundation as to similarity of conditions and proximity of time was not laid, *Freed, supra.*

Plaintiffs claim reversible error because the trial court refused to give the following requested instruction:

"Even if you find that Mr. Holbrook did misuse the crane, you may nevertheless reach a verdict in favor of plaintiffs if you also find that the misuse was reasonably foreseeable by the defendant."

It would have been error to have given the requested instruction where plaintiff attempted to lift an object 19,000 lbs. heavier than the maximum capacity of the crane, *Parsonson v Construction Equipment Company,* 386 Mich 61; 191 NW2d 465 (1971).

Plaintiffs requested the trial court to give SJI 15.05. As a result of the request, the jury was instructed:

"If you decide that Defendant Koehring Company was negligent and that such negligence was a proximate cause of the occurrence, it is not a defense that the conduct of a person or corporation who is not a party, or any of them to this suit, also may have been a cause of this occurrence. If you decide that the only proximate cause of the occurrence was the conduct of someone not a defendant, then your verdict should be for the defendant."

Plaintiffs now claim a reversible deviation from the wording of SJI 15.05. No objection was made to this instruction as given, and the issue is not preserved for review, *Reed v Stretten,* 69 Mich App 519; 245 NW2d 117 (1976).

We find plaintiffs' argument on defendants' failure to warn irrelevant because plaintiff was an experienced operator of this crane and had experienced difficulties with it similar to those here complained of.

The issue raised by Vos Equipment Company is not before us since it filed no cross appeal.

Affirmed with costs to defendants.