GRAHAM v RYERSON

Docket No. 78-4621. Submitted January 15, 1980, at Detroit.—Decided
April 1, 1980. Leave to appeal applied for.

David Graham was a diesel mechanic for Kinnie Annex Cartage
Company (Kinnie) which leased and serviced trucks. Kinnie
received a call from one of its customers, Joseph T. Ryerson &
Sons (Ryerson), concerning a flat tire on one of its leased
trucks. Graham was sent to replace the flat tire. While he was
inflating the flat tire so he could use a jack, the pressure caused
the side ring of the truck wheel to blow off causing severe
injuries to his arms and legs. The side ring was part of an RH5°
multi-piece wheel assembly manufactured by Firestone Tire
and Rubber Company (Firestone). Graham, his wife Estella, and
Reliance Insurance Company, Kinnie's workmen's compensa-
tion insurer, brought an action for damages against Ryerson
and Firestone. Count I of the complaint alleged negligence on
the part of Ryerson for failing to warn Graham that the truck
had been run with a flat tire and that it had been overloaded.
Count II sounded in negligence against Firestone. It charged
breach of a duty to warn of the hazards of the RH5° wheel and
negligence in the design of the wheel. Count III alleged breach
of implied warranty in the product design. Ryerson's motion for
a directed verdict was granted. A jury found no cause of action
against Firestone. Wayne Circuit Court, Thomas Roumell, J.,
ruled as a matter of law that defendant Firestone had no duty
to warn plaintiff of the danger involved in inflating a tire that

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 63 Am Jur 2d, Products Liability §§ 48, 57.
    Manufacturer's or seller's duty to give warning regarding product
        as affecting his liability for product-caused injury. 76 ALR2d 9.
[2] 57 Am Jur 2d, Negligence § 34.
[3] 63 Am Jur 2d, Products Liability § 51.
[4] 4 Am Jur 2d, Appeal and Error § 519.
[5] 63 Am Jur 2d, Products Liability § 63.
    Manufacturer's or seller's duty as to product design as affecting his
        liability for product-caused injury. 76 ALR2d 91.
[6] 4 Am Jur 2d, Appeal and Error § 397 et seq.
    5 Am Jur 2d, Appeal and Error § 886.

had been run while flat because of his status as an expert in changing truck tires. Plaintiffs appeal the ruling. They also claim the trial court erred in refusing to submit to the jury the question of Firestone's duty to warn and the court's refusal to admit a National Highway Transportation Safety Administration (NHTSA) report into evidence. The jury verdict of no cause of action is challenged as being against the great weight of the evidence and plaintiffs allege that the trial court erred in directing a verdict in favor of Ryerson. *Held:*

1. If members of a particular trade or profession commonly engage in a dangerous practice, the manufacturer's knowledge of this conduct may give rise to a duty to warn that special dangers can arise from the use or misuse of its product. Trial testimony discloses that it was the common practice of diesel mechanics like Graham to inflate flat tires in order to elevate vehicles. Defendant Firestone should have known this since it had been informed of 40 similar blowout incidents. Therefore, a question exists as to Firestone's duty to warn even tire repairmen of the special danger involved. The question of Firestone's duty to warn was not a question of law for the court but a question for the jury to consider because the facts adduced at trial were in dispute, giving rise to a reasonable difference of opinion as to the foreseeability of the particular risk and the reasonableness of Firestone's conduct in regard to it. Furthermore, even if Graham was conscious of some vague danger, he certainly did not appreciate the seriousness of the consequences of his action. Plaintiffs raised a jury submissible issue which the trial court improperly removed from its consideration.

2. The trial court's refusal to admit a report of the National Highway Transportation Safety Administration into evidence on grounds of its highly prejudicial character is upheld because plaintiffs have failed to make the report available for review.

3. The jury verdict of no cause of action, limited to the question of design defect, on the record, was not against the great weight of the evidence,

4. Plaintiffs failed to provide a transcript dealing with the court's ruling on defendant Ryerson's motion for a directed verdict. In the absence of the transcript to review, the court's ruling will be affirmed. Other issues raised by plaintiffs were not properly preserved for appellate review.

Affirmed in part, reversed in part and remanded.

1. PRODUCTS LIABILITY — MANUFACTURERS — DUTY TO WARN —
    TRADESMEN — DANGEROUS PRACTICES — SPECIAL DANGERS.

A manufacturer's knowledge that members of a particular trade

or profession commonly engage in dangerous practices may give rise to a duty to warn of special dangers that can arise from the use of its product.

2. NEGLIGENCE — DUTY OF CARE — QUESTION OF LAW — QUESTION OF FACT — FORESEEABILITY — DISPUTED EVIDENCE.

The question of duty, in a negligence action, is generally decided by the court as a matter of law; however, a jury, properly instructed by the court, should examine the issue of whether a duty exists where the facts adduced at trial are in dispute and give rise to a reasonable difference of opinion as to the foreseeability of a particular risk and the reasonableness of a defendant's conduct in regard to it.

3. PRODUCTS LIABILITY — DUTY TO WARN — VAGUE DANGER.

A manufacturer may be required to provide a warning to cover the possibility of injury from the use of its product where a user may have a consciousness of a vague danger without an appreciation of the seriousness of the consequences that the danger could cause.

4. EVIDENCE — DOCUMENTARY EVIDENCE — ADMISSIBILITY — DISCRETION — PREJUDICE — APPEAL.

The Court of Appeals cannot find an abuse of trial court discretion in refusing to admit a report of the National Highway Transportation Safety Administration into evidence on grounds of its highly prejudicial character where the report has not been made available to the Court of Appeals.

5. PRODUCTS LIABILITY — REASONABLE FITNESS — IMPLIED WARRANTY — USE AND MISUSE OF PRODUCT — NEGLIGENCE.

Manufacturers are duty bound to design products that are safe for their intended or reasonably anticipated use and this duty also includes reasonably anticipated misuse; the rule applies to theories of both implied warranty and negligence.

6. APPEAL — MOTIONS — INADEQUATE RECORD — DIRECTED VERDICT — TRIAL COURT RULING — AFFIRMED ON APPEAL — COURT RULES.

The grant of a defendant's motion for a directed verdict will be upheld on appeal where plaintiffs have failed to provide a transcript dealing with the trial court's ruling on the motion (GCR 1963, 812.2).

*George A. Jones & Associates,* for David and Estella Graham.

*Butzel, Long, Gust, Klein & Van Zile* (by *Delmer C. Gowing, III),* for Firestone Tire & Rubber Company.

Before: M. J. KELLY, P.J., and BRONSON and D. C. RILEY, JJ.

M. J. KELLY, P.J. Plaintiff David Graham claims damages resulting from injuries sustained when the side ring of a truck wheel blew off and struck him while he was inflating a flat tire. The side ring was part of an "RH5"" multi-piece wheel assembly manufactured by defendant Firestone Tire and Rubber Company (Firestone). Graham was a diesel mechanic in the employ of Kinnie Annex Cartage Company (Kinnie) which leased and serviced trucks. On May 1, 1973, Kinnie received a call from one of its customers, defendant Joseph T. Ryerson & Sons, a/k/a Ryerson Steel Company (Ryerson), concerning a flat tire on one of its leased trucks. The Ryerson driver was directed by Kinnie to complete his deliveries and then park the truck at the Ryerson garage. During the early morning hours of May 2, 1973, Kinnie dispatched Graham to replace the flat tire. In order to properly place the jack under the truck, Graham attempted to elevate the vehicle about 3/8" by inflating the flat tire. In response to the inflation pressure the side ring explosively disengaged from the rim base and struck plaintiff, causing severe injuries to his arms and legs.

Graham filed his complaint in February, 1974, the final amended complaint being filed in November, 1977. Graham's wife, Estella, and Kinnie's workmen's compensation insurer, Reliance Insurance Company, joined Graham as plaintiffs, their rights being completely derivative. The complaint was in three counts. Count I alleged negligence on

the part of Ryerson in failing to warn Graham that the truck had been run with a flat tire and that it had been overloaded. It further alleged negligence by a Ryerson employee who moved Graham's leg after the accident and aggravated his injuries. Count II sounded in negligence against Firestone. It charged breach of a duty to warn of the hazards of the RH5° wheel and negligence in the design of that wheel. Count III alleged breach of implied warranty in the product design.

Ryerson denied the material allegations of negligence against it. Ryerson pled as affirmative defenses contributory negligence on the part of Graham and that the truck was owned and controlled by Kinnie. Firestone also denied the material allegations against it, pled contributory negligence, and pled the intervening negligence of third parties.

The trial court granted Ryerson's motion for a directed verdict. The jury found no cause of action against Firestone. The plaintiffs moved for a new trial, which the court denied in a written opinion dated October 5, 1978. The plaintiffs appeal by right.

The trial court ruled as a matter of law that defendant Firestone, manufacturer of the side ring, had no duty to warn plaintiff of the danger involved in inflating a tire that had been run while flat because of Graham's status as an "expert" in changing truck tires. Plaintiffs claim error in the trial court's refusal to submit to the jury the question of Firestone's duty to warn. An examination of the cases cited by defendant Firestone and relied upon by the trial court does not support the proposition that there is no duty to warn experts.

The trial court's reliance on *Parsonson v Construction Equipment Co,* 386 Mich 61; 191 NW2d 465 (1971), and its progeny is misplaced. Based upon a latent/patent defect analysis,[1] the *Parsonson* Court found that a gasoline engine need not be designed to safeguard against the possibility that someone might fill the gas tank of the engine without first stopping the heater blower or engine, both obvious heat sources in very close proximity to the tank. "Here the danger of fire or explosion by the careless use of gasoline was visible and patent rather than concealed or latent". 386 Mich at 76. The Court concluded that plaintiff's own conduct, in the face of an obvious danger known to all adults of reasonable intelligence, was the proximate cause of injury. The duty to warn issue was not raised or discussed; however, the reasoning of the *Parsonson* Court was adopted in *Crews v General Motors Corp,* 400 Mich 208; 253 NW2d 617 (1977), and *Holbrook v Koehring Co,* 75 Mich App 592; 255 NW2d 698 (1977), both of which deal, at least tangentially, with the warning question.

The evenly divided *Crews* Court upheld this Court's decision affirming a directed verdict for the defendant on the grounds that " 'even if the evidence sufficed to show a defect in the engine, there was absolutely no showing that this defect caused the fire' ". 400 Mich at 214. Plaintiff in *Crews* did not plead failure to warn. Justice COLEMAN opined that this was most likely due to his full awareness of the specific danger that could, and, in fact, did result from his conduct. Plaintiff's trial testimony, included within Justice COLEMAN's opinion, indi-

---

[1] For the demise of this analysis see the discussion in *Casey v Gifford Wood Co,* 61 Mich App 208, 213-214; 232 NW2d 360 (1975). The Supreme Court granted leave to consider the viability of the latent/patent distinction in *Owens v Allis-Chalmers Corp,* 83 Mich App 74; 268 NW2d 291 (1978), *lv gtd* 405 Mich 827 (1979).

cated that Mr. Crews, an experienced mechanic, knew that turning the ignition key without first disconnecting the ignition from the wires in the coil might produce sparks. Mr. Crews was working with a fuel line at the time; a spark ignited the gasoline and he was severely burned.

This Court reached a similar conclusion in *Holbrook, supra,* where plaintiff was an experienced crane operator who was injured when lifting an object 19,000 pounds heavier than the crane's maximum capacity. In response to plaintiff's failure to warn argument the Court stated:

> "We find plaintiff's argument on defendant's failure to warn irrelevant because plaintiff was an experienced operator of this crane *and had experienced difficulties with it similar to those here complained of."* 75 Mich App at 595. (Emphasis added.)

We do not find the above cases supportive of the "expert" rule advanced by defendant and adopted by the trial court. Rather, these cases stand for the proposition that there is no duty to warn of dangers obvious to all users of the product or of specific dangers fully known to the complainant at the time the injury occurred.

The strongest support for defendant's position concerning the duty to warn "experts" is found in those cases which hold that the duty does not extend to members of a particular trade or profession where the danger involved is a matter of common knowledge. *Eyster v Borg-Warner Corp,* 131 Ga App 702; 206 SE2d 668 (1974), *Parker v State,* 201 Misc 416; 105 NYS2d 735 (1951), *aff'd* 280 App Div 157; 112 NYS2d 695 (1952), *Lockett v General Electric Co,* 376 F Supp 1201 (ED Pa, 1974). These cases, however, do not establish an

across-the-board rule eliminating the duty to warn tradespeople and professionals. The *Eyster* court noted:

"[P]laintiff's evidence demonstrated that those who are franchised to install this Borg-Warner product should, in the ordinary course of events, have been aware of the danger of the questionable connection, since such peril was a matter of common knowledge to those in the trade. More importantly, plaintiffs' evidence showed that *it was contrary to the generally accepted practice* to connect aluminum and copper wiring." 131 Ga App 704. (Emphasis added.)

If members of the particular trade or profession commonly engage in a dangerous practice, the manufacturer's knowledge of this conduct may give rise to a duty to warn. In *Casetta v United States Rubber Co,* 260 Cal App 2d 792; 67 Cal Rptr 645 (1968), the court held that the issue of failure to warn was erroneously withdrawn from the jury. Plaintiff, a tire repairman, was injured when a tire he was mounting for a customer exploded. In performing this task plaintiff used a "safety" or "hump-type" rim which called for the use of a lubricant during mounting to lessen or eliminate the danger of explosion. The defendant manufacturer provided mounting instructions, including a direction to use a lubricant, but failed to warn of the danger presented by failure to follow this direction. The court stated:

"Questions of fact were presented with respect to the issue of whether the manufacturer should have known that the general instructions to use a lubricant were more respected in the breach than by observance, and, if so, whether special warning should have been given of the particular hazard from safety rims." 260 Cal App 2d at 817.

In the instant case there was ample testimony that it was the common practice of diesel mechanics, Graham and others, to inflate tires in order to elevate the vehicle. We must assume that defendant was aware of this practice since it had been informed of about 40 similar blowout incidents. In light of this knowledge in particular, as well as common knowledge that vehicles with flat tires are likely to be run in that condition for varying distances and causes, we find a question exists as to the duty to warn even tire repairmen of the special danger involved. In the absence of any general rule eliminating the duty to warn "experts" we find that the trial court erred in excluding this issue from jury consideration on that basis. Although Michigan courts have found no duty or have excused failure to warn when the danger involved is obvious or specifically known to the user of the product, the extent of the risk and the appreciation of the danger are more subtle factors. Since we are not presented with the question of obvious danger, we proceed to consider whether the trial court could properly have removed the issue of duty to warn from the jury on the basis of plaintiff's knowledge of the particular risk. Although the question of duty is generally for determination by the trial court as a matter of law, the jury should examine the issue pursuant to proper instructions, when the facts adduced at trial are in dispute, giving rise to a reasonable difference of opinion as to the foreseeability of the particular risk and the reasonableness of defendant's conduct in that regard. *Robertson v Swindell-Dressler Co,* 82 Mich App 382; 267 NW2d 131 (1978), *lv den* 403 Mich 812 (1978), relying on Prosser, Torts (4th ed), § 37, p 206 and § 45, p 290.

Plaintiff herein testified that, though he had

never been warned, he knew that it was dangerous to inflate a tire that had been run while flat because the wheel or rim could be damaged. He further testified that he did not know if this tire had been run flat, but that, as far as he could tell, the rim appeared concentric. The record is devoid of evidence of his awareness of the nature or degree of the risk. Even if he was aware that the side ring might disengage in response to inflation pressure, did he realize that the amount of pressure he exerted would result in such explosive thrust and consequential life threatening hazard? Consciousness of a vague danger, without appreciation of the seriousness of the consequences, may require the manufacturer to provide warning; presentation of credible evidence results in a jury question. *Hardy v Proctor & Gamble Manufacturing Co,* 209 F2d 124 (Ca 5, 1954), *Hopkins v E I du Pont De Nemours & Co,* 199 F2d 930 (CA 3, 1952), *West v Broderick & Bascom Rope Co,* 197 NW2d 202 (Iowa, 1971), *cf. Coger v Mackinaw Products Co,* 48 Mich App 113; 210 NW2d 124 (1973), *Simonetti v Rinshed-Mason Co,* 41 Mich App 446; 200 NW2d 354 (1972), *lv den* 388 Mich 784 (1972).

In addition, evidence was presented that the rim base and side ring were affected by varying degrees of rust corrosion and that this condition deteriorated the bonding of the rim and ring. This defective condition was not readily observable and there was no evidence that defendant was aware of internal rust in the wheel or the implications of this condition. Firestone blamed any accident related fault for this condition on Titan Tire Company which was responsible for maintenance. Titan Tire Company is not a party to this suit. Even accepting defendant's position on this matter does not eliminate the possible need to warn of the dangers involved.

We conclude that plaintiff raised a jury submissible issue which the trial court improperly removed from its consideration.

Plaintiff next claims error in the trial court's refusal to admit into evidence a report prepared by the National Highway Transportation Safety Administration (NHTSA) which purportedly detailed an investigation of RH5° wheel accidents. Firestone opposed the exhibit on the grounds that it was hearsay since it was not prepared "pursuant to duty imposed by law" as required by MRE 803(8)(B) and on the additional ground that its untrustworthiness rendered it more prejudicial than probative. The NHTSA was established pursuant to the National Traffic and Motor Vehicle Safety Act of 1966, 15 USC 1381 *et seq.* It is empowered to study, report, and remedy noncompliance with Federal motor vehicle safety standards and defects which relate to motor vehicle safety. 15 USC 1411-1418. Although the *report* concluded that the RH5° wheel was defective, the agency ultimately disagreed and therefore the report was never issued. The agency's final treatment of the report does not negate the fact that the study and report related to "matters observed pursuant to duty imposed by law".

Although we disagree with defendant's position regarding admissibility of the report under MRE 803(8)(B), we cannot find an abuse of discretion in the trial court's refusal to admit this documentary evidence on grounds of highly prejudicial character since plaintiffs have not made the report available to this Court. The agency's newsletter released April 12, 1974, stated that "a national poster campaign and public advisory was employed to advise service personnel of safe procedures in handling this type of wheel". Obviously, the

agency was in full agreement with that portion of the report pertaining to warnings for safe use of the wheel. The trial court found that subject area irrelevant, consistent with its earlier decision to exclude all evidence of defendant's duty to warn. In light of our disposition of the warning issue, we suggest reconsideration on retrial of the admissibility of at least that portion of the NHTSA report.

The jury verdict of no cause of action is challenged as being against the great weight of the evidence. Once the warning issue was excluded, plaintiffs were left to proceed on a design defect theory. Firestone presented reliable evidence that the product conformed with industry design standards and that it was fit for its intended use. See *Owens v Allis-Chalmers Corp*, 83 Mich App 74; 268 NW2d 291 (1978), *lv gtd* 405 Mich 827 (1979), *Piercefield v Remington Arms Co*, 375 Mich 85, 96; 133 NW2d 129 (1965). Firestone argued that the real cause of the injury was plaintiff's improper use of the wheel. Manufacturers are duty bound to design products that are safe for their intended or reasonably anticipated use, which may include reasonably anticipated misuse. *Byrnes v Economic Machinery Co*, 41 Mich App 192; 200 NW2d 104 (1972). This is true under both implied warranty and negligence theories. *Elsasser v American Motors Corp*, 81 Mich App 379, 385; 265 NW2d 339 (1978). We cannot conclude that, limited to the question of design defect, the jury returned a verdict against the great weight of the evidence.

The final issue which merits consideration here is whether the trial court erred in directing a verdict in favor of defendant Ryerson. Plaintiffs failed to provide an adequate record on this issue since they did not supply us with the transcript

dealing with the court's ruling on Ryerson's motion for directed verdict. See GCR 1963, 812.2. We affirm the verdict as to defendant Ryerson.

The remaining issues raised by plaintiffs were not properly preserved for appellate review. *Hill v Husky Briquetting, Inc,* 78 Mich App 452, 456-458; 260 NW2d 131 (1977), *lv den* 402 Mich 893 (1978), *Koepel v St Joseph Hospital,* 381 Mich 440, 442-443; 163 NW2d 222 (1968).

Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.