DURKEE v COOPER OF CANADA, LTD

Docket No. 45372. Submitted April 8, 1980, at Detroit.—Decided August 28, 1980. Leave to appeal applied for.

Thomas Durkee and Patricia Durkee brought suit against Cooper of Canada, Ltd. for negligence in the design of a product and failure to warn potential users of the product of latent risks. Cooper moved for summary judgment, which motion was granted, Oakland Circuit Court, William J. Beer, J. Plaintiffs appeal, alleging that the trial court erred by misapplying the open and obvious doctrine to bar recovery and in granting summary judgment before discovery was complete. *Held:*

1. A danger of injury to Thomas Durkee was open and obvious, and the manufacturer, having no duty to warn of such danger as a matter of law, was entitled to summary judgment on this issue, however, a fact question exists as to whether Cooper acted reasonably in manufacturing the product in question which permitted Thomas Durkee to be severely injured, and the trial court erred in granting summary judgment on the ground that such a defect was open and obvious.

2. The trial court was premature in granting summary judgment before discovery was complete and plaintiffs asserted that they intended to depose Cooper's design engineers, since,

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability §§ 51, 57.

Manufacturer's or seller's duty to give warning regarding product as affecting his liability for product-caused injury. 76 ALR2d 9.

Failure to warn as basis of liability under doctrine of strict liability in tort. 53 ALR3d 239.

[2, 3] 63 Am Jur 2d, Products Liability § 51.

[4] 63 Am Jur 2d, Products Liability §§ 63, 66.

Admissibility in evidence, on issue of negligence, of codes or standards of safety issued or sponsored by governmental body or by voluntary association. 75 ALR2d 778.

Manufacturer's or seller's duty as to product design as affecting his liability for product-caused injury. 76 ALR2d 91.

[5] 63 Am Jur 2d, Products Liability §§ 63, 67.

[6] 23 Am Jur 2d, Depositions and Discovery § 143.

[7] 23 Am Jur 2d, Depositions and Discovery § 145.

73 Am Jur 2d, Summary Judgment § 12 *et seq.*

pursuant to court rule, the discovery process is halted where the pretrial process is completed or waived.

Reversed and remanded for trial on the design defect theory of liability.

1. PRODUCTS LIABILITY — LATENT AND PATENT RISKS — DUTY TO WARN.

A manufacturer has a duty to warn potential users of its products where a product carries a latent risk of injury; however, where the danger is apparent, any failure to warn may be regarded as inconsequential in the circumstances of a case.

2. PRODUCTS LIABILITY — FAILURE TO WARN — EXPERIENCE OF USER.

A failure by a manufacturer to warn a potential user of its product of any latent risks of injury is immaterial where, in the circumstances of the case, a plaintiff's past experience makes him fully aware of the dangers involved.

3. PRODUCTS LIABILITY — DUTY TO WARN — OPEN AND OBVIOUS DANGER.

A manufacturer has no duty as a matter of law to warn potential users of its product of any danger to the user where such danger is open and obvious.

4. PRODUCTS LIABILITY — BURDEN OF PROOF — BREACH OF MANUFACTURER'S DUTY.

A plaintiff in design defect products liability litigation must present evidence that the particular product design was not in conformity with industry design standards, design guidelines established by an authoritative voluntary association, or design criteria set by legislative or other governmental regulation, or that the design choice of the manufacturer carries with it a latent risk of injury and the manufacturer has not adequately communicated the nature of that risk to potential users of the product to establish a question of fact regarding a breach of a manufacturer's duty.

5. PRODUCTS LIABILITY — MANUFACTURER'S LIABILITY — TEST.

The test for a manufacturer's liability is whether the manufacturer has failed to protect against a risk that is unreasonable and foreseeable by the manufacturer.

6. PRETRIAL PROCEDURE — DISCOVERY — COURT RULES.

The process of discovery is halted where the pretrial process is completed or waived pursuant to court rule (GCR 1963, 301.7).

7. Pretrial Procedure — Summary Judgment — Premature Grant.

    A grant of a summary judgment motion by a trial court prior to the scheduling of a pretrial conference where a party is free to seek further deposition is premature.

*Philo, Atkinson, Darling, Steinberg, Harper & Edwards,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *William D. Booth, Christine D. Oldani* and *Patrick M. Barrett),* for defendant.

Before: Danhof, C.J., and Cynar and Mac-Kenzie, JJ.

Per Curiam. Plaintiffs appeal as of right from an order granting defendant Cooper of Canada, Ltd.'s motion for summary judgment. Plaintiff Thomas Durkee was injured on September 5, 1974, while skating at a warm-up in a practice session in an "over 30" hockey league. As Mr. Durkee was skating, another hockey player launched a slap shot that struck plaintiff in the head, on the plastic chin strap of his helmet. Mr. Durkee's helmet was designed, manufactured and sold by defendant Cooper of Canada, Ltd.

Plaintiffs claim that defendant was negligent in designing a helmet which failed to offer sufficient coverage of the head and in failing to warn that the helmet would not protect against reasonably foreseeable blows.

The parties engaged in discovery through interrogatories and depositions. Before plaintiffs filed their answers to Cooper's second set of supplementary interrogatories, Cooper filed a motion for summary judgment. That motion was argued March 14, 1979, and an order granting summary

judgment in favor of defendant Cooper was entered May 9, 1979.

Plaintiffs alleged two errors in the grant of that motion. First, plaintiffs claimed the trial court misapplied the "open and obvious" doctrine to bar recovery. In granting summary judgment, the court noted, "People buy the helmet, they see what it is. They have to take the consequences." The court found that the danger of the blow was open and obvious to the plaintiff and concluded that defendant was entitled to judgment as a matter of law because no duty to warn of an open and obvious danger exists.

Plaintiff's claim was not predicated solely on defendant's failure to warn—a separate allegation of defective design was also included. The court's opinion did not, however, address this count.

This Court has recognized a duty to warn where a product carries a latent risk of injury. *Fabbrini Family Foods, Inc v United Canning Corp,* 90 Mich App 80, 92-93; 280 NW2d 877 (1979), *lv den* 407 Mich 956 (1980).[1] Where, however, the danger is apparent, any failure to warn may be regarded as inconsequential in the circumstances of the case. In *Crews v General Motors Corp,* 400 Mich 208, 219; 253 NW2d 617 (1977), Justice COLEMAN wrote, for a divided Court, that plaintiff's experience as a truck mechanic made him fully aware of the dangers of a fire if proper precautions were not taken. She concluded that any failure to warn was harmless error in that case. Similarly, this Court concluded that failure to warn was immaterial when

[1] We do not mean to intimate that we adopt the latent/patent distinction espoused in *Owens v Allis-Chalmers, infra.* We merely conclude, as did the Court in *Fabbrini, supra,* that it is well-settled that the duty to warn obtains where the product carries a latent risk of injury. See also *Graham v Ryerson,* 96 Mich App 480; 292 NW2d 704 (1980).

an experienced crane operator tried to lift a 159,-000-pound machine with a crane designed to hoist only 140,000 pounds. *Holbrook v Koehring Co,* 75 Mich App 592, 595; 255 NW2d 698 (1977). In the case at bar, plaintiff was an adult with 28 years of experience playing hockey. He was aware of the dangers of head injuries and selected the helmet he considered to be the best. In making this purchase, he was aware that not all parts of his head would be covered by the helmet. His answers to interrogatories clearly show that he was aware of the dangers. We agree fully with the trial court that the danger was open and obvious, and that, as a matter of law, no duty to warn existed. Giving a warning in the instant case would not have served the prophylactic purpose underlying such duty, as it would not have served to dissuade plaintiff from engaging in a sport fraught with risk of injury. Analyzed in terms of proximate cause, it cannot be said that the failure to warn was the proximate cause of the injury.

Plaintiffs also asserted that defendant Cooper was negligent in designing a hockey helmet that insufficiently protected the head. The trial court did not discuss this allegation when it granted defendant's motion for summary judgment. On appeal, defendant Cooper argues that the open and obvious doctrine applies to design defects and urges this Court to follow *Campo v Scofield,* 301 NY 468; 95 NE2d 802 (1950), which held that the manufacturer of an onion-topping machine had no duty to protect a user against obvious dangers by equipping the machine with safety guards. The New York court overruled *Campo* in *Micallef v Miehle Co,* 39 NY2d 376; 384 NYS2d 115; 348 NE2d 571 (1976).

The Michigan Supreme Court embraced the

open and obvious doctrine in *Fisher v Johnson Milk Co, Inc,* 383 Mich 158, 160; 174 NW2d 752 (1970). Relying in part on *Campo,* the Court concluded that the manufacturer of a carrier for glass milk bottles was not negligent in designing a carrier that could not protect against breakage. The Court reasoned:

"There was no inherent, hidden or concealed defect in the wire carrier. Its manner of construction, how the bottles would rest in it, and what might happen if it were dropped, upright, on a hard surface below, with the possibility that the contained bottles might break, was plain enough to be seen by anyone including a patent attorney as well as a milk dealer. There is no duty to warn *or protect* against dangers obvious to all." (Emphasis added.)

*Fisher* remains good law, although it has been distinguished in many cases. *Byrnes v Economic Machinery Co,* 41 Mich App 192; 200 NW2d 104 (1972), *lv den* 388 Mich 765 (1972), *Coger v Mackinaw Products Co,* 48 Mich App 113; 210 NW2d 124 (1973), *Casey v Gifford Wood Co,* 61 Mich App 208; 232 NW2d 360 (1975), *lv den* 395 Mich 810 (1975), *Shears v Pardonnet,* 80 Mich App 358; 263 NW2d 373 (1977), *lv den* 402 Mich 906 (1978).

This Court rejected the *Fisher* doctrine in *Owens v Allis-Chalmers,* 83 Mich App 74, 81; 268 NW2d 291 (1978). Where plaintiff's decedent was killed when a forklift overturned, plaintiff alleged a design defect in the manufacturer's failure to include driver restraints. The Court noted the many considerations in a manufacturer's choice of product design, including the intended use and utility, costs, and industry or government safety regulations. The Court concluded that a plaintiff must present evidence of the following to establish a

fact question regarding breach of a manufacturer's duty in design defect product liability cases:

"Consequently, we conclude that for a plaintiff to establish a question of fact as to a manufacturer's breach of duty in design defect products liability litigation, evidence of the following must be presented:

"(1) That the particular design was not in conformity with industry design standards, design guidelines established by an authoritative voluntary association, *or* design criteria set by legislative or other governmental regulation; *or*

"(2) That the design choice of the manufacturer carries with it a *latent* risk of injury *and* the manufacturer has *not* adequately communicated the nature of that risk to potential users of the product." (Footnote omitted.)

The Supreme Court granted leave in that case, 405 Mich 827 (1979), limited to two questions: whether compliance with industry and government standards preclude a jury from finding a manufacturer's conduct unreasonable and whether the test in product liability cases is whether the risk is unreasonable and foreseeable by the manufacturer or the risk is patent and obvious. No decision has been reached in that case.

Until this Court is instructed otherwise, it will continue to follow the reasonableness test as outlined in *Shears, supra,* 363, in which we held that the test for a manufacturer's liability is whether the manufacturer has failed to protect against a risk that is unreasonable and foreseeable by the manufacturer. Such a test permits a fact finder to focus on the reasonableness of the manufacturer's conduct. This is consistent with the recognized. duty of the manufacturer to exercise due care. *Tulkku v Mackworth Rees Division of Avis Industries, Inc,* 406 Mich 615, 622; 281 NW2d 291 (1979).

In the case at bar, a fact question exists as to whether Cooper of Canada, Ltd. acted reasonably in manufacturing a helmet that permitted a hockey player to be severely injured by a blow to the head one inch in front of the ear. The trial court erred in granting summary judgment on the ground that such a defect was "open and obvious".

The trial court also erred in granting summary judgment before discovery was complete. Although more than two years had elapsed since plaintiffs had filed their complaint, plaintiffs asserted that they intended to depose defendant's design engineers to determine the reasonableness of the product's design. GCR 1963, 301.7 halts the discovery process where the pretrial process is completed or waived. No pretrial conference had been scheduled in this case, so plaintiffs were free to seek further deposition. *Goldman v Loubella Extendables,* 91 Mich App 212; 283 NW2d 695 (1979), *lv den* 407 Mich 901 (1979). Grant of the summary judgment motion was therefore premature. *Goldman, supra,* 218, *Johnston v American Oil Co,* 51 Mich App 646, 650; 215 NW2d 719 (1974).

Summary judgment was prematurely granted except on the issue of duty to warn.

Reversed and remanded for trial on the design defect theory of liability.

DANHOF, C.J., concurs in the result only.