## FALKNER v JOHN E FETZER, INC

Docket No. 47033. Submitted April 15, 1981, at Detroit.—Decided February 19, 1982. Leave to appeal applied for.

Kathy Falkner was injured when she was hit by a batted ball while attending a Detroit Tiger baseball game at Tiger Stadium. She and her husband brought an action against John E. Fetzer, Inc., the owner of the Tigers and Tiger Stadium, in the Wayne Circuit Court, alleging negligence in: (1) failure to provide plaintiffs with protective screening; (2) failure to inform plaintiffs of the availability of protected seats; (3) failure to offer plaintiffs a choice between protected and unprotected seating; (4) failure to provide a sufficient number of protected seats in areas of particularly high hazard; and (5) failure to warn plaintiffs of the danger of being struck by a baseball. After plaintiffs rested their case, the court, Theresa Doss, J., granted defendant's motion for a directed verdict on all but the last of plaintiffs' specific allegations of negligence. The jury returned a verdict for plaintiffs and the trial court granted judgment on the verdict. Defendant appealed. *Held:*

The trial court erred in refusing to grant a directed verdict for defendants. While it was proper to submit the issue of defendant's duty to warn to the jury, plaintiffs submitted no proof as to proximate cause.

Reversed.

M. J. Kelly, J., dissented. He would hold that there was sufficient evidence for the jury to find that defendant's failure to warn was a proximate cause of the damages. He would affirm.

1. Negligence — Duty to Warn.

The adequacy of a warning is a question of fact where reasonable minds could differ.

References for Points in Headnotes

[1] 57 Am Jur 2d, Negligence §§ 6, 37.

[2] 57 Am Jur 2d, Negligence §§ 32-65.

Foreseeability as an element of negligence and proximate cause. 100 ALR2d 842.

2. NEGLIGENCE — BURDEN OF PROOF.

 A plaintiff, in order to avoid a directed verdict, must provide proof of each of the four elements of negligence: (1) that the defendant owed a duty to plaintiff; (2) that the defendant violated that duty; (3) that the defendant's breach of duty was a proximate cause of the damages suffered by the plaintiff; and (4) that the plaintiff suffered damages.

*Zemke, Hirschhorn & Tuckel, P.C.* and *Fahrner & Steingold*, for plaintiffs.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *Robert A. Tyler*), for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. Defendant appeals as of right the trial court's denial of defendant's motions for a directed verdict, judgment notwithstanding the verdict, and a new trial. Plaintiffs' complaint was filed on September 18, 1975, and alleged that plaintiff Kathy Falkner had been struck by a batted ball while attending a baseball game at Tiger Stadium on May 11, 1975, that plaintiffs had sustained damages as a result, and that defendant was negligent in that it had breached its duty to make its baseball stadium reasonably safe by:

"(a) Failing to provide protective screening in the area in which plaintiff Kathy Falkner was a spectator.

"(b) Failing to inform plaintiff Kathy Falkner of the availability of seats in areas protected by screening.

"(c) Failing to offer plaintiff Kathy Falkner a choice between protected and unprotected seats.

"(d) Failing to provide a sufficient number of protected seats in areas of particularly high hazard.

"(e) Failing to warn plaintiff Kathy Falkner by signs (or other reasonable means) of the high hazard to her from batted balls."

A jury trial of the case commenced on August 12, 1979. After plaintiffs rested their case, the trial court granted defendant's motion for a directed verdict on all but one of plaintiffs' five specific allegations of negligence. On the remaining count, negligent failure to warn plaintiff Kathy Falkner of the high hazard to her from batted balls, the jury returned a special verdict finding: (1) that defendant was negligent, (2) that defendant's negligence was a proximate cause of the injuries or damages to plaintiffs, (3) that the total amount of damages was $273,000, (4) that plaintiff Kathy Falkner was negligent, (5) that plaintiff Kathy Falkner's negligence was a proximate cause of plaintiffs' injury or damages, and (6) that plaintiff Kathy Falkner's negligence amounted to 5% of the total negligence that had proximately caused plaintiffs' injuries or damages. After delivering this verdict, the jury was directed to deliberate further in order to clarify the award. The jury then determined that $250,000 was the amount of damages sustained by plaintiff Kathy Falkner, that $23,000 was the amount of damages sustained by plaintiff David Falkner, and that both of those amounts should be reduced by 5%; hence, defendant's ultimate liability came to a total of $258,-850.

It is a generally accepted proposition that there is no duty to warn of the risk of being hit by batted balls when attending a baseball game, because the risk is obvious. *Felgner v Anderson,* 375 Mich 23, 45, fn 6; 133 NW2d 136 (1965). Nevertheless, we do not believe that defendant was entitled to a directed verdict, judgment notwithstanding the verdict, or a new trial in the instant case on the theory that it had no duty to warn. Plaintiffs presented an apparently unique record in an at-

tempt to demonstrate that the magnitude of the risk involved is much greater than commonly believed. Therefore, it was proper to submit to the jury the question of whether it would be reasonable to require defendant to warn spectators of the unexpectedly high degree of risk. See *Graham v Ryerson,* 96 Mich App 480; 292 NW2d 704 (1980).

Defendant contends that even if it owed a duty to warn, that duty was fulfilled by the disclaimer printed on the back of each ticket and by the announcement at the beginning of the game. We disagree. Plaintiffs correctly point out that neither statement amounts to a warning as such. In any event, the adequacy of a warning is a jury question where reasonable minds could differ as to whether a defendant's conduct was reasonable. *Simonetti v Rinshed-Mason Co,* 41 Mich App 446; 200 NW2d 354 (1972). See *Graham, supra.*

Nevertheless, defendant is entitled to reversal on the ground that plaintiffs failed to present any evidence to show that if a proper warning had been given plaintiff Kathy Falkner would have taken precautions to prevent the injury. In order to avoid a directed verdict, a plaintiff must provide proof of each of the four elements of negligence: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant violated that duty; (3) that the defendant's breach of duty was a proximate cause of the damages suffered by the plaintiff; and (4) that the plaintiff suffered damages. *Beals v Walker,* 98 Mich App 214; 296 NW2d 828 (1980).

Plaintiff presented no evidence in support of the element of proximate cause; therefore, the trial court erred in denying defendant's motion for a directed verdict.

Reversed.

M. J. KELLY, J. *(dissenting).* I respectfully dissent.

For its reversal, the majority relies upon *Beals v Walker,* 98 Mich App 214; 296 NW2d 828 (1980). I also dissented in that case which similarly turned on the necessary quantum of plaintiff's proofs. In any event, leave has been granted in *Beals v Walker,* 411 Mich 900 (1981), by order of the Supreme Court dated May 8, 1981, and the issue is therefore, at least to some extent, clouded.

I believe it was a jury question whether the defendant's breach of duty was a proximate cause of plaintiff's damages and that the majority wrongfully has substituted its judgment for that of the jury on this issue. See *Mills v A B Dick Co,* 26 Mich App 164; 182 NW2d 79 (1970). I also believe that the jury properly could have concluded that defendant's failure to adequately warn was a proximate cause of the plaintiffs' failure to appreciate the extent of the danger, thus raising a jury-submissible issue. See *Graham v Ryerson,* 96 Mich App 480; 292 NW2d 704 (1980), *lv den* 410 Mich 858 (1980).

I would affirm.