670 F.Supp. 206 (1987)
Toni RUSSO, Personal Representative of the Estate of Joseph Russo, Deceased, Plaintiffs,
v.
ABEX CORPORATION, in its own right and as successor to American Brake Shoe Co., a Delaware corporation; H.K. Porter Company, Inc., a Delaware corporation; Carey Canada, Ltd., a foreign corporation; Asbestos Corporation, Ltd., a foreign corporation; International Fibers, Inc., an Ohio corporation; Allied Corporation, as successor in interest to Bendix Corporation; Celotex Corporation, in its own right and as successor in interest to Philip Carey Manufacturing Co., a Delaware corporation, GAF Corporation, in its own right and as successor to Ruberoid Corporation and to Vermont Asbestos, a Delaware corporation; Raymark Industries, as successor in interest to Raybestos-Manhattan, Inc., a Connecticut corporation; Jointly and Severally, Defendants.
Willie LEE and Mildred Lee, Plaintiffs,
v.
BENDIX CORPORATION, a Delaware corporation, Abex Corporation, a Delaware corporation, Carlisle Corporation, a Delaware corporation, and Wagner Division, a division of Edison International, Inc., a Delaware corporation, Jointly and Severally, Defendants.
Catherine M. O'BRIEN, Personal Representative of the Estate of Joseph Teklinsky, Deceased, Plaintiff,
v.
OTTAWA SILICA CORPORATION, a Delaware Corporation; Johns-Manville Sales Corporation, a Delaware Corporation; Celotex Corporation, a Delaware Corporation and successor to Phillip Carey Corporation; and Pennwalt Corporation, a Pennsylvania Corporation, Jointly and Severally, Defendants.
Joseph WROBLEWSKI, Plaintiff,
v.
BENDIX CORPORATION, a Delaware Corporation; Abex Corporation, a Delaware Corporation; and Wagner Division, a division of Edison International, Inc., a Delaware Corporation, jointly and severally, Defendants.
Civ. A. Nos. 86-70862, 85-75257, 82-71775 and 86-70823.
United States District Court, E.D. Michigan, S.D.
September 23, 1987.
*207 Joseph V. Brennan, Richard A. Bockoff, Bockoff & Zamler, Southfield, Mich., for plaintiffs.
Ronald Westen, Ronald E. Wagner, Dale R. Burmeister, Detroit, Mich., for Celotex Corp.
A. David Baumhart, III, Bloomfield Hills, Mich., for Pennwalt Corp.
Michael Vartanian, Detroit, Mich., for Johns-Manville.
Harold J. Robinson, Robinson & Dufault, P.C., Royal Oak, Mich., for Silicosis and Dust Disease Fund.
Kirt B. Devries, Ronald E. Westen, Harvey, Kruse, Westen & Milan, Detroit, Mich., for Bendix.
Clayton F. Farrell, Michael J. Sullivan, Collins, Einhorn & Farrell, P.C., Southfield, Mich., for Carlisle Corp.
Wm. Osantowski, MacArthur & Cheatham, P.C., Detroit, Mich., for Wagner; Byron L. Gregory, Lynn J. Ohrenstein, McDermott, Will & Emery, Chicago, Ill., of counsel.
Richard B. Poling, Jr., Shelley K. Miller, Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C., Birmingham, Mich., for Abex Corp.

MEMORANDUM OPINION AND ORDER
FEIKENS, District Judge.
Before me are various defendants' motions for summary judgment in four brake lining asbestos cases. In each case, plaintiff, or plaintiff's personal representative, alleges harm from extended exposure to asbestos fibers in the workplace. Defendant asbestos suppliers move for summary judgment based on the "sophisticated user" defense. Specifically, movants allege that the three employers involved, Chrysler Corporation, General Motors, and Pennwalt Corporation, are such knowledgeable asbestos users that defendants had no legal duty to warn the employers or their employees (the ultimate users) of the dangers of asbestos.[1]
The sophisticated user defense developed in negligence cases because, there, liability turns on the reasonableness of defendants' conduct. However, the defense does not exist under strict liability in tort principles because, in that context, a seller is duty-bound to warn all foreseeable users and the risk of an employer's failure to warn employees is one of the risks imputed to the seller as a matter of law. Menna v. Johns-Manville Corp., 585 F.Supp. 1178, 1184-85 (D.N.J.1984), aff'd, 772 F.2d 895 (3d Cir.1985).
Michigan products liability law, M.C.L. §§ 600.2945 et seq., has not merged negligence and strict liability into one form of action. Rather, there remain causes of action for both breach of implied warranty and negligent failure to warn or make safe.[2]
While Michigan has not adopted "strict liability" by name, the breach of implied warranty cause of action is much more analogous to strict liability than to negligence. See, e.g., Smith v. E.R. Squibb & Sons, Inc., 405 Mich. 79, 89, 273 N.W.2d 476 (1979) ("implied warranty and negligence are separate and distinct theories of recovery and ... under the implied warranty theory it is not necessary to prove negligence") *208 (quoting Smith v. E.R. Squibb & Sons, Inc., 69 Mich.App. 375, 381, 245 N.W. 2d 52 (1976)).
Here, plaintiffs bring suit under both tort theories. It is doubtful that defendants can assert the sophisticated user defense as to the implied warranty claims.
As to the negligence claims, defendants rely substantially on Restatement (Second) of Torts § 388 comments b and k (1965) for the proposition that a duty to warn exists only when it is probable that neither the buyer or the ultimate user will learn of product dangers otherwise. Defendants also rely on several cases where the sophisticated user defense was asserted successfully.
Comment n to § 388 of the Restatement and several cases clarify that there is a balancing test for determining when a duty exists to warn a sophisticated user. Also, the cases defendants rely on are all distinguishable from the facts here.
After discussing a supplier's duty to warn ultimate users when placing dangerous products with an intermediary whose character is unknown, comment n to § 388 goes on to say:
[I]f the danger involved in the ignorant use of a particular chattel is very great, it may be that the supplier does not exercise reasonable care in entrusting the communication of the necessary information even to a person whom he has good reason to believe to be careful. Many such articles can be made to carry their own message to the understanding of those who are likely to use them by the form in which they are put out, by the container in which they are supplied, or by a label or other device, indicating with a substantial sufficiency their dangerous character. Where the danger involved in the ignorant use of their true quality is great and such means of disclosure are practical and not unduly burdensome, it may well be that the supplier should be required to adopt them.

Section 388 comment n at 310 (emphasis added).
Courts in other asbestos cases have adopted the comment n balancing test and have found that asbestos-containing product manufacturers have an absolute duty to warn because of the unique and patent dangers of asbestos. See, e.g., Van Buskirk v. Carey Canadian Mines, Ltd., 760 F.2d 481, 493 (3d Cir.1985), aff'g sub nom., Neal v. Carey Canadian Mines, Ltd., 548 F.Supp. 357 (E.D.Pa. 1982), (supplier not absolved of duty to warn, notwithstanding employer's express knowledge of dangers and failure to act, unless it could be shown that employer "would have removed the warning labels, or would have forced its employees to work in direct contact with asbestos against their will."); Oman v. Johns-Manville Corp., 764 F.2d 224, 233 (4th Cir.1985) (reh'g en banc), cert. denied, 474 U.S. 970, 106 S.Ct. 351, 88 L.Ed.2d 319 (trial court's refusal to instruct jury on sophisticated user defense not error where "the product, because it contained asbestos fibers, was very dangerous[;] [t]he burden on the manufacturers in placing a warning on the product was not great[;] [t]he employer was unaware of the danger until 1964[;] ... [and] once the employer became aware of the potential danger it failed to convey its knowledge to its employees.").
Most telling are the comments of the district court in Neal, supra:
Due to the latent dangers associated with exposure to asbestos fiber and the foreseeable risk that an employer with knowledge of such dangers would not warn its own employees of this danger, ... the Court will deny the motions for judgment n.o.v. because of the supplier defendants' non-delegable duty to warn users of asbestos fiber of the hazards associated with exposure to asbestos fiber.
548 F.Supp. 357 at 369.
Michigan law is clear that a supplier/manufacturer's duty to warn is not discharged simply because the user is sophisticated. See Downie v. Kent Products, 122 Mich.App. 722, 731, 333 N.W.2d 528 (1983), aff'd, rev'd in part on other grounds, 420 Mich. 197, 362 N.W.2d 605 (1984), reh'g denied, 421 Mich. 1202, 367 *209 N.W.2d 831 (1985) ("duty to warn [not] excused in this case because plaintiff was an experienced press operator. In Graham v. Ryerson, 96 Mich.App. 480 [292 N.W.2d 704] (1980), this Court discredited the argument that there is no duty to warn `experts.'").
Defendants cite several cases where the sophisticated user defense was allowed or was successful. See Goodbar v. Whitehead Brothers, 591 F.Supp. 552 (W.D.Va. 1984), opinion adopted and aff'd sub nom., Beale v. Hardy, 769 F.2d 213 (4th Cir.1985) (no supplier duty to warn where affidavits proved that Foundry (employer) knew of risks of inhaling silica dust since 1930s, knew of disease of silicosis, and was aware of proper dust control methods); Antcliff v. State Employees Credit Union, 414 Mich. 624, 327 N.W.2d 814 (1982), reh'g denied, 417 Mich. 1103 (1983) (scaffold manufacturer absolved of duty to warn where painting company buying scaffold was an expert user); Adams v. Union Carbide Corp., 737 F.2d 1453 (6th Cir.1984), cert. denied, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984) (Ohio law) (manufacturer of toluene diisocyanate (TDI) discharged duty by warning employer); Dunn v. Lederle Laboratories, 121 Mich.App. 73, 328 N.W.2d 576 (1982) (drug manufacturer may discharge duty by warning doctors rather than patients); In re Related Asbestos Cases, 543 F.Supp. 1142 (N.D.Cal. 1982) (sophisticated user defense allowed).
Those cases are all inapposite.
In Antcliff, the employee users of the scaffold simply rigged the scaffold improperly. The court premised its holding on the fact that the scaffold was a non-defective product and that plaintiffs knew of the obvious dangers. Antcliff, supra, 414 Mich. at 639-40, 327 N.W.2d 814. here, the facts involve an inherently dangerous product with patent dangers to its ultimate users.
In Adams, supra, the supplier was not liable because it warned the employer with comprehensive information for the express purpose of relaying the information to employees. The employer (GM) never did this. Here, defendants admit they issued no warnings at all.
Dunn, supra, is inapposite because it involves the special law that has developed around the doctor-patient relationship. In In re Related Asbestos Cases, the court held that, under California law, suppliers can assert the sophisticated user defense provided plaintiffs be allowed to rebut the defense by showing that the sophisticated user's misuse of the product was foreseeable. Thus, application of the sophisticated user defense may often depend upon facts not susceptible of summary determination.
Finally, it is necessary to distinguish between suppliers of asbestos-containing products and suppliers of raw asbestos. In Goodbar, the court noted that the sand products were delivered in bulk  unpackaged railroad car lots or truck loads. The Foundry, having sophisticated knowledge, was in a better position to warn employees since the supplier had no packages to place warnings on and would need direct access to the employees to warn them. Goodbar, 591 F.Supp. 552 at 566. Here, only defendants Carey Canada and Celotex allege they supplied asbestos in raw form. They argue that any packaging warnings would not have reached the ultimate users. Only those two defendants might be entitled to assert the sophisticated user defense.
Carey Canada and Celotex will have to prove at trial that the cost to them of effectively warning unsophisticated ultimate users outweighed the danger to such users of prolonged contact with asbestos. I cannot make that determination on defendants' summary judgment motions. The facts and circumstances regarding defendants' delivery of asbestos to the employers here have not yet been determined.
For the foregoing reasons, defendants' motions for summary judgment based on the sophisticated user defense are DENIED.
IT IS SO ORDERED.
NOTES
[1] The employers here produced asbestos products themselves and ordered supplemental products from defendants. For the purpose of these motions, defendants do not dispute either cause-in-fact or proximate cause. Defendants also admit that they issued no product warnings to the employers. The only questions now are whether the employers are such sophisticated asbestos users that defendants had no duty to warn them or their employees and whether the sophisticated user defense is allowable in this context.
[2] A prominent Michigan Supreme Court case, Prentis v. Yale Mfg. Co., 421 Mich. 670, 365 N.W.2d 176 (1984), should not be read as merging the two theories. There, it was held that the trial court did not err by refusing to give plaintiffs' requested standard jury instruction on the breach of warranty theory of liability since it might have confused the jury and since the inquiry, in a design defect case, is the same under either theory: "whether the manufacturer took reasonable care in light of any reasonably foreseeable use of the product which might cause harm or injury." Prentis, 421 Mich. 670 at 694-95, 365 N.W.2d 176.