VINCENT *v.* HEENAN.

1. NEW TRIAL—MISCONDUCT OF COUNSEL—JURORS.
   Where plaintiff's attorney, during the trial, sat in the dining room of a public hotel where he was a boarder, and the waitress seated a juror at the same table with him, and some conversation passed between them in the presence of others, but nothing improper was shown to have occurred, the showing was insufficient to require a new trial.

2. TRIAL—INSTRUCTIONS—EXCERPTS FROM CHARGE.
   Where excerpts from the charge to the jury, standing alone, may form a basis for adverse criticism, but when read with the context the ground for criticism disappears, this court will not disturb the judgment.

3. APPEAL AND ERROR—CONFLICTING TESTIMONY—QUESTION OF FACT —EXCESSIVE VERDICT.
   Where the important questions were purely ones of fact, and the testimony was conflicting, the finding of the jury, where the verdict was not excessive, will not be disturbed by this court, on error.

Error to Macomb; Tucker, J. Submitted October 17, 1916. (Docket No. 71.) Decided December 22, 1916.

Assumpsit in justice's court by Leonard Vincent against Martin J. Heenan for rent. From a judgment for plaintiff, defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Benjamin & Betzoldt,* for appellant.
*W. T. Hosner,* for appellee.

MOORE, J. This case was commenced in justice's

court. The plaintiff declared orally upon all matters provable under the common counts in assumpsit. He filed a bill of particulars of his demand in writing showing a claim for pasturing 62 head of cattle and damage to crops, claiming $149.20. Defendant pleaded the general issue. The case was tried by a jury. Judgment was rendered against defendant for $59.50 damages and $9.88 costs. The case was appealed to the circuit court, where it was tried before a jury.

The circuit judge in his charge to the jury stated the following:

"The plaintiff Leonard Vincent brings this suit, as I understand it, against Mr. Heenan to recover what he claims is due him for the pasturage of a bunch of cattle on the farm he was occupying under Mr. Hosner and also for damage which he claims those cattle did to crops that were on his place at the time and not in the barn, in addition to the pasture which he claims is due.

"The defendant claims there is no pasturage due because of the fact that a specific bargain was made between the parties at the time as to the total amount that was to be paid by Heenan to Vincent for the pasture and that it was to cover all the pasture that Heenan cared to use the balance of the season or any length of time he cared to use it, and that no damage was done to the crops to amount to anything, and if any was done it was incidental to the fact that there were no proper fences on the place and the cattle had to be taken care of by keeping them herded, so to speak, to prevent any damage being done by them. As a matter of fact none was done of any moment.

"The plaintiff claims, as I understand it, that the bargain was that Heenan was to have the privilege of placing a number of cattle, the number not being specified, and I believe it is understood by both parties that no number of cattle was mentioned at the time the bargain, whatever it was, was made.

"The plaintiff claims that the bargain was that Heenan was to have the privilege of putting whatever cattle he had on this 80-acre farm for a short time until he could dispose of them, and that the under-

standing was that it was to be but a few days, a week or two at the outside. * * *

" "As I have told you in other cases, the burden is upon the plaintiff to establish his theory of the case and every element of it necessary to entitle him to recover, by a fair preponderance of the proofs. * * *

"I have been asked to charge you if the conditions on the farm of plaintiff in regard to fences were such as one would naturally expect that some damage to the crops there would result from the pasturing of the cattle as was testified to were there pastured, plaintiff would not be entitled to recover for such incidental damages as actually did result therefrom.

"If it was understood and agreed between the plaintiff and defendant that the cattle pastured on plaintiff's farm were at times to be pastured in a field which was not inclosed by fences, and that by reason thereof some damage was done to the crops in fields adjoining such pasturage, plaintiff could not recover for such damages to such crops if the damage thereto was such as one would naturally expect, unless you also find that defendant agreed to pay for the damaged crops, and that is another disputed question of fact.

"On one side it is claimed there is a specific understanding whatever damage to the crops on the farm to be done by the cattle was to be paid for, and on the other side it is denied that any such arrangement was made, and there is a serious question of how much crops were there and what the value was, and whether or not any damage was done. Now I can't say anything more than that to you. You take this case and fairly determine it from the evidence given you by the witnesses here in court and come to just such conclusion as you think the actual truth of this matter warrants whatever way it is."

The charge was much longer than we have quoted. The jury returned a verdict, upon which judgment was entered, for $140 in favor of the plaintiff.

A motion for a new trial for several reasons, the important ones of which will sufficiently appear in what the trial judge said in overruling the motion as follows:

"The verdict of the jury in my opinion is neither excessive in amount nor contrary to the testimony in the case. The reasons urged upon the argument for the granting of a new trial were: (1) Because it is claimed that William T. Hosner, attorney for the plaintiff, was guilty of misconduct in connection with one of the jurymen, Charles Evans, on the 28th of December, 1915, during the trial of said cause. (2) Because it is claimed the testimony in the case showed that the plaintiff's attorney, William T. Hosner, had a then existing interest in the crops on the place, and that the jury were not instructed that the plaintiff could recover, if anything, no more than one-half of the damage done, if any.

"As to the matter of misconduct of plaintiff's attorney I am satisfied the facts were that Mr. Hosner was a boarder at the Sherman House in the city during the trial and had been for some days prior to the commencement of the trial, while engaged here in other cases. That he sat at the same table in the dining room and at the same place during the time he was here. That he went into the dining room on the day in question with no knowledge of the fact that Mr. Evans, the juryman in question, was to dine there. He was in company with another gentleman.

"It appears that Mr. Evans was brought into the dining room by the head waitress and seated at the same table with Mr. Hosner, where he remained during the dinner and possibly had some conversation back and forth; there being three or four people present and seated in the immediate vicinity of each other. This is the incident which is claimed to have been the misconduct of plaintiff's attorney.

"It does not strike me that there is anything to the claim. If the juryman had been invited to Mr. Hosner's home, partaking of hospitality there, or if he had been invited to dinner by Mr. Hosner or taken into dinner by him and intentionally sat in conversation with him during the dinner, it would have been sufficient reason for granting a new trial, but there was nothing shown that there was any improper conduct or conversation between them.   *   *   *

"It was stated by counsel for the defendant at the time of the argument of this motion that Mr. Hosner

had treated this juryman in question at the bar of the Sherman House, but absolutely no proof of that kind was submitted indicating an occurrence of that kind. If there had been I would have considered it grounds for granting the motion made.

"On the other question, the testimony showed that Mr. Hosner had transferred his interest, whatever he had prior to the commencement of this suit, to the plaintiff in the case."

The case is brought here by writ of error.

Counsel urge a reversal here for the same reasons urged before the trial court, upon the motion for a new trial and for the additional reason that the court erred in his charge to the jury. We agree with the judge, after careful examination of the record, that the verdict is not excessive. We agree with him that the plaintiff had acquired before suit all the claim there was against Mr. Heenan for the matters litigated. We agree with him that the charge of misconduct of Mr. Hosner with the juror utterly failed.

As to the alleged errors in the charge: Excerpts from the charge standing alone may form a basis for adverse criticism, but when read in connection with what precedes and follows them the ground for criticism disappears.

The important questions were purely ones of fact. The testimony was as conflicting as it could well be. The jury accepted the version of the plaintiff. We are not inclined to disturb the verdict.

Judgment is affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.