HRANACH v PROKSCH CONSTRUCTION COMPANY

1. Negligence—Conflicting Testimony—Jury Questions—Instructions to Jury—Invitees.

   Conflicting testimony, in a personal injury action resulting from a fall at a construction site, as to where the incident occurred and the plaintiff's right to be on the portion of the premises where the injury allegedly occurred presents a question of fact for the jury and the trial court was correct in refusing to instruct the jury that the plaintiffs were invitees as to the defendant as a matter of law.

2. Appeal and Error—Jury—Juror Misconduct—Trial Judge—Hearings.

   The Court of Appeals should defer to the judgment of the trial judge in a matter of alleged juror misconduct where the trial judge conducted a proper hearing and heard the testimony of the parties involved and concluded that no impropriety had been shown.

3. Appeal and Error—Closing Arguments—Incorrect Statements of Fact—Corrective Instructions.

   Failure by plaintiffs to request a corrective instruction for an alleged incorrect statement of fact by an attorney for the defendants in his final argument precludes appellate review, even though the statement was indeed confusing and timely objection was made.

Appeal from Iron, Ernest Brown, J. Submitted May 10, 1976, at Marquette. (Docket No. 23264.) Decided June 15, 1976.

Complaint by Ruth Hranach and Warren Hra-

References for Points in Headnotes
[1] 62 Am Jur 2d, Premises Liability §§ 39, 55.
   75 Am Jur 2d, Trial § 358.
[2] 5 Am Jur 2d, Appeal and Error § 888 et seq.
[3] 75 Am Jur 2d, Trial §§ 577–579, 906, 909.

nach against Proksch Construction Company for personal injuries suffered by Ruth Hranach in a fall on a construction site where the defendant was building a new school. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Strom, Butch, Quinn & Rosemurgy* (by *Terrill S. Jardis),* for plaintiff.

*S. Neil Lynch* (by *Harley N. Andrews),* for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

PER CURIAM. Mrs. Hranach was injured in a fall. She and her husband brought a tort action which resulted in a jury verdict in favor of the defendant. Plaintiffs appeal.

A veterans group sponsored a drum and bugle corps competition at the Crystal Falls Stadium in Crystal Falls. The Forest Park School District, owner of the stadium, permitted the veterans to use the stadium for a fee. Adjacent to the field was a construction site owned by the school district upon which defendant was building a new school.

Plaintiffs attended the competition and unfortunately Mrs. Hranach fell and broke her leg while proceeding into the stadium. The precise location of the fall was disputed at trial.

Plaintiffs brought suit against the veterans organization, the school district, and defendant. On plaintiffs' motions, the veterans and the school district were dismissed from the action.

I

Plaintiffs' primary allegation of error relates to

the trial court's instructions to the jury on the applicable law. Plaintiffs proceeded on the theory that they were invitees onto the land occupied by the construction company and that the duties of reasonable care and to warn of latent dangers applied. Plaintiffs object to the trial court's refusal to instruct the jury that plaintiffs were invitees as a matter of law.

Defendant argues that by taking a short cut through the construction site the plaintiffs exceeded the scope of the invitation extended by the veterans group and the school district. Defendant contends that it owed only that duty owed by an occupier of land to trespassers.

In his jury instructions, the trial court presented defendant's trespass theory and told the jury that the plaintiffs were invitees as to the veterans and the school district.

Plaintiffs objected to the instructions, arguing that their status as invitees extended to defendant as well as the school district and the veterans and objected to the characterization of them as trespassers under the facts of the case.

The trial court's position was that plaintiffs were in fact invitees on the premises, but that the jury might conclude that they became trespassers by entering a part of the premises where they had no right to be.

We find no reversible error and affirm the trial court.

Most significant in this case is the nature of the evidence. On several crucial points the evidence conflicted. Had the trial court charged the jury that the plaintiffs were business invitees as to the defendant or that the plaintiffs were not trespassers as a matter of law, it clearly would have been

in error. See *Nezworski v Mazanec,* 301 Mich 43; 2 NW2d 912 (1942).

The evidence conflicted on whether or not the defendant was aware of the use of the stadium. There was a question of whether the plaintiffs were in fact invited onto the construction site or whether they crossed the site as a matter of personal convenience. There was a question about where Mrs. Hranach actually fell and injured herself. These issues could only be decided by the jury and the ultimate conclusion on liability rested upon those findings. The instructions given to the jury were fair statements of the applicable law.

## II

Plaintiffs object to the refusal of the trial court to grant a new trial based on juror misconduct.

At the hearing on plaintiffs' motion for a new trial, Mr. Hranach testified that during the trial he witnessed a juror and defendant's primary witness sitting next to one another at a cafe and conversing. The trial witness and the juror testified that they had indeed conversed, but that the conversation was unrelated to the lawsuit. The trial court ruled that there was no basis for a finding of impropriety. The judge noted that Crystal Falls is a small town and that it was not unusual that the two would meet inadvertently in such a way.

The allegation of misconduct was a serious charge which merited careful investigation. The trial judge conducted a proper hearing and concluded that no impropriety had been shown. While we are inclined to agree with the plaintiffs that the incident was suspect, we cannot substitute our judgment for that of the trial judge in this matter.

He was there, he heard the testimony. We are far from the facts in time and place, reading words on paper. We find no error. *Cf. Vincent v Heenan,* 194 Mich 316; 160 NW 563 (1916).

## III

Plaintiffs argue that an incorrect statement of fact by defense counsel in his final argument rendered the trial unfair. The statement was indeed confusing and properly objected to. Failure to request a corrective instruction, however, precludes review. *Kujawski v Boyne Mountain Lodge, Inc,* 379 Mich 381; 151 NW2d 794 (1967).

Affirmed.