## SHEARS v PARDONNET

1. TRESPASS—REAL PROPERTY—INVITEES—BUSINESS INVITEES—LICENS-
   EES—QUESTIONS OF FACT—STATUS.

   The status of a person on the land of another is ordinarily a
   question of fact for the jury.

2. TRESPASS—REAL PROPERTY—INVITEES—LICENSEES—JURY INSTRUC-
   TIONS—EVIDENCE—QUESTIONS OF FACT.

   An instruction to a jury that they could find the plaintiff either
   an invitee, licensee or trespasser upon the defendant's land,
   was proper in an action for damages for injuries received on
   the defendants' land, where the evidence did not demonstrate
   that the plaintiff was a licensee or invitee as a matter of law
   and thus the status of the plaintiff was one dependent on the
   facts to be determined by the jury.

3. PROPERTY—REAL PROPERTY—BUSINESS VISITORS—INVITEES.

   A business visitor is a person who is invited to enter or remain
   on land for a purpose directly or indirectly connected with
   business dealings with the possessor of the land.

4. MASTER AND SERVANT—EMPLOYERS AND EMPLOYEES—HIRING—
   REAL PROPERTY—INVITEES—BUSINESS INVITEES.

   The hiring of employees is a part of a business enterprise;
   therefore, where an overture regarding the hiring of employees

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 75 Am Jur 2d, Trespass § 83.

[3–5] 62 Am Jur 2d, Premises Liability § 117.

[5] 62 Am Jur 2d, Premises Liability §§ 54, 55.

[6] 49 Am Jur 2d, Landlord and Tenant § 803.

[7] 63 Am Jur 2d, Products Liability §§ 42–52.

Manufacturer's or seller's duty to give warning regarding product
as affecting his liability for product-caused injury. 76 ALR2d 9.

[8] 75 Am Jur 2d, Trial §§ 604, 608–610.

Construction of statutes or rules making mandatory the use of
pattern or uniform approved jury instructions. 49 ALR3d 128.

[9] 63 Am Jur 2d, Products Liability § 73.

Manufacturer's or seller's duty as to product design as affecting his
liability for product-caused injury. 76 ALR2d 91.

is made to the general public a member of the public who comes onto the land of the enterprise in response to the overture may be deemed an invitee as long as he remains on the property within the scope of that status.

5. TRESPASS—INVITEES—LICENSEES—POSSESSOR OF LAND—LIABILITY TO INVITEES—CONSENT.

The possessor of land is subject to liability to another as an invitee only for harm sustained while he is on the land within the scope of his invitation; thus, an invitee ceases to be an invitee after the expiration of a reasonable time within which to accomplish the purpose for which he is invited to enter or to remain and whether at the expiration of that time he becomes a trespasser or a licensee depends upon whether the possessor does or does not consent to his remaining on the land.

6. LANDLORD AND TENANT—GUESTS—LICENSEES—TRESPASS.

A guest or licensee of a tenant farmer has no better right than the tenant himself to enter on the property of the tenant's landlord, therefore, he may be a trespasser where he enters on property of the landlord that has been forbidden to the tenant by the landlord.

7. PRODUCTS LIABILITY—MANUFACTURER'S LIABILITY—TEST.

The test for assessing a manufacturer's liability to persons injured by their product is whether the risk to the plaintiff is unreasonable and foreseeable by the manufacturer not whether the risk is patent or obvious to the plaintiff.

8. TRIAL—INSTRUCTIONS TO JURY—STANDARD JURY INSTRUCTIONS—DEVIATIONS—PRESUMPTIONS.

Prejudicial error will be presumed where there is deviation from an applicable Standard Jury Instruction which does not need modification under the facts of the particular case unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation.

9. PRODUCTS LIABILITY—EVIDENCE—SAFETY STANDARDS.

Safety standards may be admitted at trial as evidence of prevailing community standards where such standards have been promulgated prior to the production or construction of the device whose safety is in question.

Appeal from Shiawassee, Peter J. Marutiak, J. Submitted November 8, 1977, at Lansing. (Docket No. 31516.) Decided December 22, 1977. Leave to appeal denied, 402 Mich —.

Complaint by Lorn E. Shears against George Pardonnet, Margaret Pardonnet, Kenneth Haughton, Avco Corporation, and others, seeking damages for injuries sustained when plaintiff's leg became entangled in an underground feed auger manufactured by Avco Corporation and installed on a farm owned by defendants Pardonnet and Haughton. Judgment for defendants. Plaintiff appeals. Reversed as to Avco Corporation, affirmed as to defendants Pardonnet and Haughton.

*Church, Wyble, Kritselis & Tesseris* (by *Thomas H. Hay*), for plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *Michael H. Perry* and *Robert W. Townsend*), for defendants Pardonnet and Haughton.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendant Avco Corporation.

Before: QUINN, P. J., and V. J. BRENNAN and C. L. BOSMAN,* JJ.

C. L. BOSMAN, J. Plaintiff appeals a judgment entered on a jury verdict for defendants. This action arises out of an incident in which plaintiff, a 15-year-old boy, sustained injuries on defendants Pardonnet's farm. On December 29, 1970, plaintiff, having heard that defendants Pardonnet and Haughton, partners in a dairy farm, were hiring, went to defendants' farm seeking employment. When told that there were no job openings plaintiff, instead of leaving the farm, went to visit his step-uncle who lived on defendants Pardonnet's farm and worked there as a tenant farmer. After spending the afternoon in his step-uncle's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

house, plaintiff and his step-cousin left the house after supper to look around the barnyard. Plaintiff, feeling the need to urinate, headed toward a dark area of the barnyard where his leg became entangled in an underground feed auger resulting in severe permanent injuries to his leg. Defendant Avco Corporation was the manufacturer of the auger which was installed on the farm in 1964.

Plaintiff claims defendant Avco's failure to cover the auger with adequate plates, and to install a cut-off switch to make the auger inoperative when the protective cover was out of place, constituted negligence. Plaintiff's first claim of error is the trial court's instruction to the jury that they could find the plaintiff either an invitee, a licensee or trespasser. It was defendant Pardonnet's claim that previously he had forbidden the tenant cousin from going in the area of the premises where plaintiff was injured.

The status of a person on the land of another is ordinarily a question of fact for the jury. *Nezworski v Mazanec,* 301 Mich 43; 2 NW2d 912 (1942), *Hranach v Proksch Construction Co,* 69 Mich App 540; 245 NW2d 345 (1976). It cannot be said that the evidence demonstrated plaintiff was a licensee or invitee as a matter of law.

Since hiring an employee is part of a business enterprise, plaintiff could be deemed to be an invitee if defendant Pardonnet had made any type of overture to the general public regarding the hiring of employees.

"A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." 2 Restatement Torts, 2d, § 332(3), p 176.

However, upon being advised that there was no

work available plaintiff did not leave the property but remained for the purpose of visiting his stepuncle and cousin. His status of invitee would last only as long as he remained on the property within the scope of that status.

"The possessor of land is subject to liability to another as an invitee only for harm sustained while he is on the land within the scope of his invitation. Thus an invitee ceases to be an invitee after the expiration of a reasonable time within which to accomplish the purpose for which he is invited to enter, or to remain. Whether at the expiration of that time he becomes a trespasser or a licensee will depend upon whether the possessor does or does not consent to his remaining on the land:" 2 Restatement Torts, 2d, § 332, Comment l, p 181.

If plaintiff was a guest or licensee of his cousin he could gain no better right to enter the defendants' property than his cousin. Thus, a jury could find that plaintiff's cousin was forbidden to be in the area where plaintiff was injured and plaintiff through this relationship could be considered a trespasser.

We conclude that the status of plaintiff is one dependent on the facts to be determined by the jury and find that the trial court did not err in instructing the jury on this point.

Plaintiff also contends that the court committed error in giving defendant Avco's requested instruction No. 10 following the giving of SJI 25.21 and 25.23 on implied warranty. Avco's requested instruction No. 10 reads as follows:

"If the manufacturer does everything necessary to make a machine function properly for the purpose for which it was designed, if the machine is without any latent defect and if its functioning creates no danger or

peril that is not known at the time, then the manufacturer has satisfied the law's demand.

"We have not yet reached that state where the manufacturer is under the duty of manufacturing a machine accident-proof or foolproof."

The first paragraph of requested instruction No. 10 is a clear misstatement of the law in Michigan. The test for assessing a manufacturer's liability to persons injured by their product is whether the risk to the plaintiff is unreasonable and foreseeable by the manufacturer, not whether the risk is patent or obvious to the plaintiff. *Casey v Gifford Wood Co,* 61 Mich App 208, 218; 232 NW2d 360, 364–365 (1975), *Coger v Mackinaw Products Co,* 48 Mich App 113; 210 NW2d 124 (1973).

In *Javis v Board of Education of the School District of Ypsilanti,* 393 Mich 689, 700; 227 NW2d 543 (1975), the Supreme Court issued a strong endorsement of the Michigan Standard Jury Instruction. In that case they adopted the Missouri Rule regarding deviation or modifications of the standard instructions by a trial court, quoting *Brown v St Louis Public Service Co,* 421 SW2d 255, 259 (Mo, 1967), as follows:

"Accordingly, where there is deviation from an applicable MAI (Missouri Approved Instruction) instruction which does not need modification under the facts in the particular case, prejudicial error will be presumed unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation."

In the present case SJI 25.21 and 25.23 as given were correct and adequately covered the law. It was the defendant's requested instructions which misstated the law and requires us to reverse and remand for a new trial.

Plaintiff's final contention of error is the trial court's exclusion from evidence of certain safety standards. The trial court excluded the safety standards of the International Labor Office because they were promulgated after sale of the auger.

Many jurisdictions, including Michigan, *Coger v Mackinaw Products Co, supra,* now allow safety standards to be admitted at trial as evidence of prevailing community standards. However, most states also require that the standards must have been promulgated prior to the production or construction of the device in question. *George v Fox West Coast Theatres,* 21 Ariz App 332, 337; 519 P2d 185, 190 (1974), *Dominick v Brockton-Taunton Gas Co,* 356 Mass 669; 255 NE2d 370 (1970), *Lemery v O'Shea Dennis, Inc,* 112 NH 199, 201; 291 A2d 616, 618 (1972).

The rationale behind the rule is that subsequently promulgated standards may simply reflect a new consensus in the industry rather than a codification of the prevailing view in the industry at the time the product in question was manufactured, and thus, such standards are not really relevant to the case. This is the accepted view in Michigan. See *Carreras v Honeggers & Co, Inc,* 68 Mich App 716; 244 NW2d 10 (1976).

We conclude the trial court's exclusion was not erroneous.

Two other standards that were excluded from evidence were the documents containing an official set of orders by the California Department of Industrial Relations specifying certain safety devices that had to be installed in auger-type devices in California and the safety standards of the American Society of Agricultural Engineers (A.S.A.E.). Both standards were in effect at the

time the auger in question was sold. This ruling is erroneous. The California standard should have been admitted to show the state of the art at the time the auger was sold. The jury could consider this evidence in deciding which safety devices the defendant Avco knew or should have known were feasible at the time the auger was sold. *Merchants National Bank of Aurora v Elgin, Joliet & Eastern R Co,* 49 Ill 2d 118, 125; 273 NE2d 809, 813 (1971).

The A.S.A.E. recommendations also should have been admitted in the evidence upon proper foundation, since they were promulgated prior to sale of the auger and do establish a reliable indicator of the prevailing opinion of the industry concerning the safety devices which should be included on augers.

Reversed as to Avco Corporation, affirmed for defendants Pardonnet and Haughton. Costs to plaintiff against Avco and to defendants Pardonnet and Haughton.