WOLAK v WALCZAK

Docket No. 54924. Submitted January 5, 1983, at Detroit.—Decided April 7, 1983. Leave to appeal applied for.

Bernard J. Wolak, individually and as next friend of John Wolak, and Susan Wolak brought a medical malpractice action against Dr. Joseph R. Walczak, Dr. Robert H. Auth, and Garden City Osteopathic Hospital in Wayne Circuit Court, alleging that John Wolak, a second-born twin, suffered brain damage and cerebral palsy due to defendants' negligence in failing to use fetal heart monitoring, leaving Mrs. Wolak unattended while in labor with John, and delaying for an unreasonable period of time performance of a Caesarean section. The jury returned a verdict of no cause of action as to all defendants and judgment was entered, Harold M. Ryan, J. Plaintiffs appeal. *Held:*

1. Plaintiffs' claim of error concerning disparaging remarks about plaintiffs' expert witness made by defense counsel in his closing statement was not preserved for appeal because of plaintiffs' failure to object and because the remark was not so prejudicial that it could not have been cured by a curative instruction.

2. Plaintiffs' similar claim of error concerning remarks made

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 123.

5 Am Jur 2d, Appeal and Error § 851.

What standards govern appellate review of trial court's conditional ruling, pursuant to Rule 50(c)(1) of Federal Rules of Civil Procedure on party's motion for new trial. 52 ALR Fed 494.

[2] 5 Am Jur 2d, Appeal and Error § 833.

75 Am Jur 2d, Trial § 280 *et seq.*

[3] 81 Am Jur 2d, Witnesses §§ 494, 510.

Federal Civil Procedure Rule 43(b), and similar state rule, relating to the calling and interrogation of adverse party as witness at trial. 35 ALR2d 756.

[4] 5 Am Jur 2d, Appeal and Error § 843.

[4, 5] 31 Am Jur 2d, Expert and Opinion Evidence § 31.

[6] 5 Am Jur 2d, Appeal and Error § 738.

76 Am Jur 2d, Trial § 1242.

[7] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[8] 29 Am Jur 2d, Evidence §§ 250, 269.

by defense counsel in his opening statement was preserved for appellate review by plaintiffs' motion for a mistrial, which the trial court denied. The remarks made by defense counsel do not warrant reversal of the trial court's judgment.

3. The trial court did not abuse its discretion in refusing to admit two medical treatises for impeachment purposes.

4. The trial court erred in allowing defense counsel to ask certain leading questions of defendant Walczak after plaintiffs had called Walczak to the stand for cross-examination under the adverse party statute. The error was harmless, however, and does not require reversal.

5. The trial court did not abuse its discretion in permitting Walczak to testify as an expert witness as to the effect of bilirubin in newborn babies.

6. Even if, as plaintiffs contend, the trial court erred in excluding depositional testimony by plaintiffs' expert witness that, upon delivery of a first-born twin and discovery of a second twin in utero, it would be unnecessary to take X-rays of the mother, the error was harmless. Plaintiffs made no claim that the taking of X-rays directly caused the injury to their child.

7. Plaintiffs' claim that the trial court erred in excluding as irrelevant an administrative code regulation and in refusing to permit impeachment of defendant Walczak by the testimony of another witness was abandoned and not preserved for appellate review. Nonetheless, the claims were examined and no reversible error was found.

8. The trial court did not abuse its discretion in refusing plaintiffs' request to introduce rebuttal testimony by an expert witness.

Affirmed.

1. MOTIONS AND ORDERS — MISTRIAL — APPEAL.

A trial court's denial of a motion for a mistrial is not to be disturbed on appeal absent a finding that the court abused its discretion and that a miscarriage of justice resulted.

2. APPEAL — REMARKS OF COUNSEL — JURY TRIALS.

The Court of Appeals will reverse a jury verdict because of allegedly prejudicial remarks of counsel at trial only where the remarks complained of evidence a studied purpose to inflame or prejudice the jury.

3. EVIDENCE — EXPERT WITNESSES — ADVERSE PARTIES — CROSS-EXAMINATION — RULES OF EVIDENCE.

The rules of evidence indicate that, where an adverse party is

called and subsequently examined by the party's own counsel, leading questions should not be permitted as to any new matters not brought out during the initial cross-examination (MRE 611).

4. WITNESSES — EXPERT WITNESSES.

A court's finding that an expert witness is qualified to testify is not to be reversed absent an abuse of discretion.

5. WITNESSES — EXPERT WITNESSES — MEDICAL MALPRACTICE — RULES OF EVIDENCE.

A witness in a medical malpractice trial need not be a board-certified specialist to qualify as an expert under the rules of evidence; rather it is sufficient if the witness's medical training and experience enable him to competently testify (MRE 702).

6. EVIDENCE — ERRONEOUSLY EXCLUDED EVIDENCE — APPEAL.

Reversal of a trial court's exclusion of evidence is required only where the erroneously excluded evidence is relevant and consideration of it might have resulted in a different finding by the jury.

7. APPEAL — PRESERVING QUESTION — ABANDONED CLAIMS.

Claims of error are deemed to be abandoned and not preserved for appellate review where no precedent, evidentiary rule or general policy arguments are cited in support of the claims.

8. EVIDENCE — REBUTTAL EVIDENCE.

The scope of rebuttal in civil cases is within the sound discretion of the trial judge.

*Rosenbaum, Bloom, Appel & Moses, P.C.* (by *Gregory E. Snow*), for plaintiffs.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *David R. Getto* and *Bruce A. VandeVusse*), for Drs. Walczak and Auth.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *J. P. O'Leary* and *Raymond W. Morganti*), for Garden City Osteopathic Hospital.

Before: J. H. GILLIS, P.J., and D. F. WALSH and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiffs, Bernard J. Wolak, individually and as next friend of John Wolak, his son, and Susan Wolak, mother of John Wolak, brought this medical malpractice suit against defendants, Dr. Walczak, Dr. Auth, and Garden City Osteopathic Hospital. Plaintiffs alleged that John Wolak, a second-born twin, suffered brain damage and cerebral palsy due to defendants' negligence in failing to use fetal heart monitoring, leaving Mrs. Wolak unattended while in labor with John, and delaying for an unreasonable period of time performance of a Caesarean section. The jury returned a verdict of no cause of action as to all the defendants, and plaintiffs appeal as of right.

Plaintiffs' first claim of error concerns remarks regarding plaintiffs' expert witness made by defense counsel in opening and closing statements. We find the claim as to the closing remark not preserved for appeal because of plaintiffs' failure to object and because the remark was not so prejudicial that it could not be cured by a curative instruction. *Bourke v North River Ins Co,* 117 Mich App 461, 466; 324 NW2d 52 (1982). Plaintiffs, however, did preserve their claim as to defense counsel's opening statement characterizing plaintiffs' expert witness as a "professional witness" who resides out-of-state by moving for a mistrial, which motion the trial court denied. A trial court's denial of a motion for mistrial is not to be disturbed on appeal absent a finding that the court abused its discretion and that a miscarriage of justice resulted. *Anderson v Harry's Army Surplus, Inc,* 117 Mich App 601, 615; 324 NW2d 96

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

(1982). Only where the prejudicial statements of counsel reflect "a studied purpose to inflame or prejudice a jury" is reversal warranted. *Anderson, supra,* p 615; *Wilson v Stilwill,* 411 Mich 587, 605; 309 NW2d 898 (1981).

We find that the allowance of the "professional witness" remark in the present case does not warrant reversal. Like *Wilson, supra,* where reversal was found not warranted, there was only a single remark characterizing plaintiffs' expert as a "professional witness", and no harrassment or belittlement of plaintiffs' expert. Although the present case differs from *Wilson* in that the remark involved herein expressly referred to plaintiffs' expert by name, we find no studied purpose to inflame the jury. Unlike the situation in *Wayne County Bd of Road Comm'rs v GLS LeasCo,* 394 Mich 126; 229 NW2d 797 (1975), and in *Kern v St Luke's Hospital Ass'n of Saginaw,* 404 Mich 339; 273 NW2d 75 (1978), where reversal was found warranted, there were no repeated attacks on plaintiffs' expert, nor harrassment or belittlement, nor accusations that plaintiffs' expert was lying.

Plaintiffs also claim that the court erred in refusing to admit two medical treatises for impeachment purposes. Under MRE 707, a treatise is admissible to impeach an expert witness only if the treatise is "established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice". Neither the defendant doctors, whom plaintiffs sought to impeach, nor plaintiffs' own expert testified that the treatises were reliable authorities. Nor do we find that the trial court erred in refusing to recognize the treatises as authoritative by judicial notice. Applying the requirements for judicial notice set forth in MRE 201(b), the authoritativeness of

the texts was not a fact generally known within the trial court's territorial jurisdiction, nor did plaintiffs submit to the court other unquestionable sources by which the texts could be determined to be reliable authorities. The court did not abuse its discretion in excluding the texts.

Plaintiffs' next claims of error concern the testimony of defendant Walczak, whom plaintiffs called to the stand for cross-examination under the adverse party statute, MCL 600.2161; MSA 27A.2161. We agree with plaintiffs that the trial court erred in allowing defense counsel to ask certain leading questions upon his subsequent examination of defendant Walczak. The note to MRE 611 indicates that where an adverse party is called, and subsequently examined by the party's own counsel, leading questions should not be permitted as to any new matters not brought out during the initial cross-examination. However, we find this error harmless and reversal not warranted. GCR 1963, 529.1.

Plaintiffs also contend that the court erred in allowing defendant Walczak to testify as to the effect of bilirubin in newborns. Plaintiffs argue that defendant, an obstetrician-gynecologist, was not qualified to give such testimony because he is not a pediatrician. A court's finding that an expert is qualified to testify is not to be reversed absent an abuse of discretion. *S C Gray, Inc v Ford Motor Co,* 92 Mich App 789, 805; 286 NW2d 34 (1979), *lv den* 408 Mich 869 (1980). Also, a witness need not be a board-certified specialist to qualify as an expert under MRE 702; rather, it is sufficient if his medical training and experience enable him to competently testify. *Croda v Sarnacki,* 106 Mich App 51, 59-60; 307 NW2d 728 (1981), *rev'd on other grounds* 414 Mich 882; 322 NW2d 712 (1982).

In the present case, although there was no evidence that defendant Walczak was a certified pediatrician, he did testify that he had some experience and training as to the problems and treatment of newborn infants. Thus, we find that the court did not abuse its discretion in permitting defendant Walczak to testify as to the effect of bilirubin in newborns.

Plaintiffs argue that it was error for the court to exclude depositional testimony by plaintiffs' expert that, upon delivery of a first twin and discovery of a second twin in utero, it would be unnecessary to take X-rays of the mother. Plaintiffs assert that exclusion of this testimony was very prejudicial since plaintiffs were contending that defendant Walczak ordered unnecessary X-rays of plaintiff Susan Wolak.

We first note that it is nearly impossible to review the propriety of the court's exclusion of this testimony since the arguments of counsel and the court's reasons for its ruling are not reflected in the record. However, we find that even if it was error to exclude this testimony, it was harmless. GCR 1963, 529.1. Only where erroneously excluded evidence is relevant and consideration of it might have resulted in a different finding by the jury is reversal required. *Johnson v Detroit,* 79 Mich App 295, 300; 261 NW2d 295 (1977). Plaintiffs made no claim that the taking of X-rays directly caused the injury to their child. Rather, plaintiffs' theory was that the ordering of unnecessary X-rays contributed to the negligent delay in performing a Caesarean section, which delay caused the child's condition. However, there was no testimony at the trial indicating that the delay in performing the Caesarean section was in any way due to the ordering of the X-rays. On the contrary, the testi-

mony indicated that the delay was due to the fact that an anesthetist was not immediately available, and the uncontroverted testimony of defendant Walczak was that he ordered the X-rays because plaintiff Susan Wolak was waiting for the anesthetist to arrive anyway. Thus, had this testimony been admitted, it cannot be said that the jury might have reached a different result since there was no evidence showing that the taking of the X-rays contributed at all to the delay in performing the Caesarean section.

Plaintiffs also claim that the court erred in excluding as irrelevant an administrative code regulation and in refusing to permit impeachment of defendant Walczak by the testimony of another witness. Plaintiffs have failed to cite any precedent or evidentiary rule or any general policy arguments in support of these claims of error. We therefore deem them to be abandoned and not preserved for appellate review. *Brooks v January,* 116 Mich App 15, 31; 321 NW2d 823 (1982); *Birkenshaw v Detroit,* 110 Mich App 500, 509; 313 NW2d 334 (1981). We note, however, that we have nonetheless examined these claims and have found no reversible error.

Finally, plaintiffs claim that the court erred in refusing plaintiffs' request to introduce rebuttal testimony by an expert witness. Plaintiffs failed to make an offer of proof, and the substance of the excluded rebuttal testimony is not otherwise apparent from the record. Consequently, plaintiffs have failed to preserve this issue for appeal since it is impossible to determine whether exclusion of this testimony, if error, requires reversal. MRE 103(a)(2), *Green v Richardson,* 69 Mich App 133, 141; 244 NW2d 385 (1976), *lv den* 397 Mich 852 (1976). Furthermore, we do not believe error oc-

curred in this case. The scope of rebuttal in civil cases is within the sound discretion of the trial judge. *Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318, 327; 253 NW2d 748 (1977). Where, as in the present case, the proffered rebuttal testimony could have been introduced during plaintiffs' case in chief, the denial of such rebuttal testimony is not an abuse of discretion. *Fireman's Fund, supra,* pp 327-328.

Affirmed.