CITIZENS NATIONAL BANK OF CHEBOYGAN v MAYES

Docket No. 68977. Submitted November 8, 1983, at Grand Rapids.— Decided April 17, 1984. Leave to appeal applied for.

Citizens National Bank of Cheboygan loaned more than $23,000 to Harry J. Mayes so that he could buy a truck. As part of the loan agreement, Citizens received a security interest in the truck. Within a year Citizens repossessed the truck and eventually sold it for $10,000. It then sued Mayes in Cheboygan Circuit Court for the balance of the loan. Defendant counter-claimed alleging that plaintiff had breached its duty of good faith by selling the truck for less than it was worth. Following trial, the jury awarded plaintiff a verdict for $14,822.22. The trial court, Robert C. Livo, J., awarded plaintiff costs and attorney fees pursuant to the court rules, but denied plaintiff's request for attorney fees pursuant to the terms of the contract. Both parties appeal. *Held:*

1. The trial court erred in failing to give a requested standard jury instruction. The instruction was applicable, accurately stated the law, and was requested. Under those circumstances, failure to give the instruction requires reversal.

2. The trial court did not err in admitting into evidence information about repairs on the truck. The cost of repairs was relevant and the admission of that information did not cause undue prejudice.

3. While the evidence of the cost of repairs was not improperly admitted as hearsay, as defendant contends, it was improperly admitted because of lack of proper foundation. At the new trial the proper procedure is to be followed.

4. Under the circumstances, the trial court properly added interest, costs and attorney fees to the jury's verdict.

5. The issue of the amount of attorney fees to be awarded

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 589.

[2] 20 Am Jur 2d, Counterclaim, Recoupment, and Setoff §§ 2, 3, 7, 8.

[3] 29 Am Jur 2d, Evidence § 251 *et seq.*

[4] 17 Am Jur 2d, Contracts §§ 164, 352.

69 Am Jur 2d, Secured Transactions §§ 313, 551.

under the contract covered by the Uniform Commercial Code should have been presented to the jury and not to the trial court after the verdict. On retrial, plaintiff is to have that opportunity.

Reversed and remanded for a new trial.

1. APPEAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS.

A trial judge's failure to instruct a jury on requested applicable and accurate standard jury instructions is error requiring reversal.

2. DAMAGES — COUNTERCLAIMS — AFFIRMATIVE AWARDS — SET-OFF.

Damages which are awarded under a counterclaim by a defendant against a plaintiff do not have to be affirmatively awarded to the defendant; the damages may be set off against the amounts awarded to the plaintiff.

3. EVIDENCE — RELEVANCY — RULES OF EVIDENCE.

A determination of the relevancy of evidence is within the trial court's discretion; evidence is relevant if it has a tendency to make the existence of a material fact more or less probable (MRE 401).

4. SECURED TRANSACTIONS — UNIFORM COMMERCIAL CODE — ATTORNEY FEES — COSTS.

The amount of the attorney fees is an element of the principal debt in an action to recover the amount due on a contract within the coverage of article nine of the Uniform Commercial Code where the contract provides for reasonable attorney fees pursuant to the code; the fees are not "costs" within the meaning of statutes which authorize or limit the taxation of costs (MCL 440.9504[1][a]; MSA 19.9504[1][a]).

*Lindsay & Lindsay* (by *Christopher F. Lindsay),* for plaintiff.

*Radka & Lewis* (by *Thomas R. Lewis),* for defendant.

Before: ALLEN, P.J., and R. M. MAHER and R. H. BELL,* JJ.

PER CURIAM. On December 3, 1982, a jury

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

awarded plaintiff a verdict for $14,822.22. On January 5, 1983, the trial court awarded plaintiff $178.56 in costs and $1,170 in attorney fees pursuant to GCR 1963, 316.7(b)(2). However, it denied plaintiff's request for attorney fees pursuant to the contract. Both parties appeal as of right.

We find that defendant's third issue requires reversal. He requested that the verdict form found in SJI 65.02 be given; it was not. In *Javis v Bd of Ed of School Dist of Ypsilanti,* 393 Mich 689, 702; 227 NW2d 543 (1975), the Supreme Court ruled that consistent and uniform application of the civil jury instructions requires the following rule:

"Where there is an omission of, or a deviation from an applicable and accurate SJI, prejudicial error will be presumed; provided that the erroneously omitted SJI was properly requested at trial; and, provided that in those cases where error is charged as a result of a deviation from a SJI, said deviation was brought to the attention of the trial court prior to the commencement of jury deliberations."[1]

Where the omitted instruction 1) applies, 2) is accurate, and 3) is requested, this Court will reverse. *Socha v Passino,* 405 Mich 458; 275 NW2d 243 (1979); *Snow v Freeman,* 119 Mich App 677; 326 NW2d 602 (1982); *Jackovich v General Adjustment Bureau, Inc,* 119 Mich App 221; 326 NW2d 458 (1982), *lv den* 417 Mich 1071 (1983); *Prentis v Yale Manufacturing Co,* 116 Mich App 466; 323 NW2d 444 (1982), *lv gtd* 417 Mich 1039 (1983).

[1] This test presumes prejudice; it does not allow for a rebuttable presumption. In *Shears v Pardonnet,* 80 Mich App 358; 263 NW2d 373 (1977), *lv den* 402 Mich 906 (1978), this Court stated that *Javis* adopted the Missouri rule which reverses " 'unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation,' " quoting *Brown v St Louis Public Service Co,* 421 SW2d 255, 259 (Mo, 1967). However, *Javis* specifically rejected this test. 393 Mich 701-702.

First, SJI 65.02 applied. It deals with a single defendant and a counterclaim. In 1978, plaintiff loaned defendant over $23,000 so that he could buy a truck. As a part of the loan agreement, plaintiff received a security interest in the truck. Within a year, however, plaintiff repossessed the truck. Eventually, it sold the truck for $10,000. It then sued defendant for the balance of the loan, *i.e.,* $14,882.22. Defendant countersued claiming that plaintiff had breached its duty of good faith while selling the truck.

Defendant's claim was not an affirmative defense but a counterclaim. Although such a claim may be used as a set-off, *Jones v Morgan,* 58 Mich App 455; 228 NW2d 419, *lv den* 394 Mich 775 (1975), such a claimant has a right to recover damages. MCL 449.9507(1); MSA 19.9507(1).

Second, SJI 65.02 accurately states the law. Plaintiff does not contest this point.

Third, SJI 65.02 was adequately requested. Plaintiff argues that although defendant did request the instruction in writing before trial, he abandoned that request during trial. In fact, defendant suggested the form actually used. However, we do not view defendant's cooperation as a waiver. Not only does the record strongly suggest that the cooperation occurred only after the trial court had refused to give SJI 65.02, but defendant renewed his objection at the end of the discussion on the issue.

Because the remaining issues may rearise at the new trial, we will address them. Defendant argues that irrelevant and prejudicial information about repairs on the truck were admitted. We disagree. A determination of the relevancy of evidence is within the trial court's discretion. *Birou v Thompson-Brown Co,* 67 Mich App 502, 513; 241 NW2d

265, *lv den* 397 Mich 808 (1976). Evidence is relevant if it has a tendency to make the existence of a material fact more or less probable. MRE 401. In the present case, one of the key issues was the truck's value when it was sold. Of course its condition at that time is relevant. Therefore, the trial court did not abuse its discretion in ruling that the cost of repairs was relevant. Nor do we find any undue prejudice.

Defendant also argues that the evidence concerning the cost of repairs was erroneously admitted as hearsay. Francis Van Antwerp, manager and operating officer of the company that bought the truck, read from his company's invoices in testifying about the cost of repairs. Although this testimony was not hearsay, it was improperly admitted because of the lack of the proper foundation. MRE 602. Plaintiff failed to show that Van Antwerp had the requisite personal knowledge about the repairs. Even though plaintiff could show the invoices to Van Antwerp to refresh his recollection, this is not what was really done because he merely read from the invoices. At the new trial the proper procedure is to be followed.[2]

Defendant last argues that the trial court improperly added interest, costs, and attorney fees to the jury's verdict. He contends that only the jury can award these items. We disagree. Costs were properly awarded pursuant to GCR 1963, 526.1, attorney fees were properly awarded pursuant to GCR 1963, 316.7(b)(2),[3] and interest was properly awarded pursuant to MCL 600.6013; MSA

[2] In addition, the invoices were not properly admitted either as a recorded recollection, MRE 803(5), or as a regularly conducted activity, MRE 803(6), because plaintiff failed to show who wrote out the invoices.

[3] This court rule allows attorney fees if the defendant rejects the mediation panel's award ($14,000 in this case) and the jury's verdict ($14,822.22 in this case) is less than 10% below the panel's evaluation.

27A.6013. All three of these items are properly decided by the trial court after the jury has reached its verdict.

In its cross-appeal, plaintiff argues that the trial court improperly refused to award attorney fees pursuant to the parties' contract. Plaintiff argues that reasonable attorney fees are to be included in costs awarded to a prevailing party, and that such fees cannot be ascertained until the case has been fully litigated. We disagree. In *Wilson Leasing Co v Seaway Pharmacal Corp,* 53 Mich App 359, 367; 220 NW2d 83 (1974), this Court ruled:

> "In an action to recover the amount due on a contract within the coverage of article nine of the UCC, when that contract provides for reasonable attorneys' fees pursuant to UCC 9-504(1)(a), [MCL 440.9504(1)(a); MSA 19.9504 (1)(a)] the amount of the attorneys' fees is an element of the principal debt; the fees are not 'costs' within the meaning of statutes which authorize or limit the taxation of costs."

Therefore, the trial court properly refused to award plaintiff the attorney fees. Plaintiff should have presented this issue to the jury during its presentation of evidence on the damages issue so that the jury could determine whether or not plaintiff was entitled to such attorney fees and, if entitled, could determine the amount of the fees. On retrial, plaintiff is to have this opportunity.

Reversed and remanded for a new trial.